"O"

UNITED  STATES  DISTRICT  COURT

FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | | |
|---|---|---|
| IGOR OLENICOFF, an individual; OLEN PROPERTIES CORP., a Florida corporation, | ) ) ) | CASE NO. SACV 08-1029 AG (RNBx) |
| | ) ) | ORDER DENYING IN PART AND GRANTING IN PART SES |
| Plaintiffs, | ) ) | DEFENDANTS' MOTION TO DISMISS |
| v. | ) ) | |
| UBS AG, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is a Motion to Dismiss or Transfer Based on Improper Venue ("Motion") filed by Defendants Synthesis Energy Systems, Inc. ("SES"), Michael Storey ("Storey"), Timothy Vail ("Vail"), and David Eichinger ("Eichinger") (collectively "SES Defendants"). After considering all papers and arguments submitted, the Courts DENIES in part and GRANTS in part the Motion, with leave to amend.

## BACKGROUND

This Motion to Dismiss focuses on claims for securities fraud, RICO violations, civil conspiracy, fraud, and conversion based on an alleged complex scheme to defraud. The



following facts are taken from Plaintiffs' First Amended Complaint ("FAC"), and for the purposes of this motion, the Court assumes them to be true.

Plaintiff Igor M. Olenicoff ("Olenicoff") is a commercial real estate developer and the President of Plaintiff Olen Properties, Corp. ("Olen").   Plaintiffs name some thirty defendants in this case, all of whom are alleged to have conspired in a "carefully crafted investment scheme" to defraud Plaintiffs, thousands of other investors, and the United States Treasury Department out of hundreds of millions of dollars in fees, costs, and taxes.  (FAC ¶ 1.)

In June 2006, Plaintiffs' investment portfolio was under the control of Union Charter, a corporate finance entity with business offices in the United States and Switzerland.  Defendants SES and Storey had direct relationships with Union Charter, as Storey had served on the board of directors at Union Charter.  (FAC ¶ 83.)  When SES was created, Union Charter helped issue 2,000,000 shares of common stock through private placements.  (FAC ¶ 83.)  Defendants Vail, Echinger, and Storey were directors at SES by the end of 2005.  (FAC ¶ 83.)  In May 2006, Vail became President and CEO of SES, and Eichinger became CFO and Senior Vice President of Corporate Development of SES.  (FAC ¶ 83.)  Each of these defendants owns at least 1 million shares of SES and is "an integral part of the company's operations."  (FAC ¶ 83.)

In 2005 or 2006, Union Charter, the SES Defendants, and other defendants named in this case "devised a plan to benefit the SES Defendants while concurrently benefitting all parties involved."  (FAC ¶ 84.)  Defendants Storey and David Schwedel ("Schwedel") had served together as officers and directors of Union Charter and thus had knowledge of Plaintiffs' assets. Schwedel and Storey "agreed to forego the investment parameters acknowledged by Union Charter to provide SES with much-needed investment capital."  (FAC ¶ 84.)  In or around June 2006, the SES Defendants, with other named defendants in this case, conspired together and caused to be formed a shell Panamanian company named Teflomi Investment and Trade, Inc. ("Teflomi").  (FAC ¶ 84.)  That same month, other named defendants in this case, "with the full knowledge of each of the SES Defendants," caused five million dollars to be transferred from one of Olenicoff's accounts to Teflomi.  (FAC ¶ 85.)  As part of the scheme, Teflomi then, with the full knowledge of Storey, Vail, and Eichinger, transferred the five million dollars to SES in

exchange for one million shares of SES stock.  (FAC ¶ 85.)  SES did not have publicly traded shares at that time, and the stock certificate was a "lettered" stock that could not be sold under the securities laws.  (FAC ¶ 85.)  The five million was used for the "financing of the SES operation including funding salaries of individual defendants."  (FAC ¶ 85.)  In exchange for the transactions, SES paid Union Charter and others a finder's fee of $1.4 million.  (FAC ¶ 86.)  Defendants purposefully and intentionally hid this fraud and self-dealing from Plaintiffs by concealing the true names of the securities on periodic statements sent to Olen's Orange County, California office.  (FAC ¶ 86.)

In or around May 2008, Olenicoff learned that the Teflomi shares were non-existent. Olenicoff immediately contacted the SES Defendants from Olen's Orange County, California office to demand return of the converted funds.  (FAC ¶ 87.)  The SES Defendants refused to return Plaintiffs' funds that had been diverted to SES, but quickly reissued the one million shares that had previously been registered to Teflomi to Igor Olenicoff as free trading stock.  (FAC ¶ 87.)  "The re-issuance of stock happened swiftly and no documentation was requested by anyone at SES to demonstrate that Olen or Mr. Olenicoff had ownership rights to the shares." (FAC ¶ 87.)  The SES Defendants then delivered those shares to Olen's Orange County, California office.  (FAC ¶ 87.)

Plaintiffs state a total of twenty-two claims against the various defendants.  Ten of those claims are brought against the SES Defendants: Plaintiffs' seventh claim for fraud in connection with the purchase or sale of securities, eighth claim for violations of Sections 25401 and 25501 of the California Corporations Code, tenth and eleventh claims for violations of RICO, fourteenth claim for civil conspiracy, fifteenth claim for unfair business practices, eighteenth claim for conversion, twentieth claim for unjust enrichment/constructive trust, twenty-first claim for accounting, and twenty-second claim for declaratory relief.  Four claims are brought against Defendant Storey individually: Plaintiffs' fourth claim for fraudulent misrepresentation, fifth claim for constructive fraud, sixth claim for negligent misrepresentation, and ninth claim for breach of fiduciary duty.  The SES Defendants first argue that venue in this district is improper as to the claims against them and move for dismissal or transfer.  The SES Defendants then

1  argue that seven of Plaintiffs' claims against the SES Defendants and all of the claims against

2  Storey individually should be dismissed for failure to state a claim.

3

4  **LEGAL STANDARD**

5

6        Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a

7  plaintiff's allegations fail to state a claim upon which relief can be granted.  Fed R. Civ. P.

8  12(b)(6).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

9  pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "[O]rdinary pleading rules are not meant to

10  impose a great burden upon a plaintiff."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347

11  (2005).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice

12  of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct.

13  2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964

14  (2007)).  Thus, a complaint may not be dismissed for failure to state a claim where the

15  allegations plausibly show "that the pleader is entitled to relief."  *Bell Atlantic*, 127 S.Ct. at

16  1965.  Conversely, a complaint should be dismissed for failure to state a claim where the factual

17  allegations do not raise the "right of relief above the speculative level."  *Id.*

18        In deciding a 12(b)(6) motion, the Court must accept as true all factual allegations in the

19  complaint and must draw all reasonable inferences from those allegations, construing the

20  complaint in the light most favorable to the plaintiff.  *Westlands Water Dist. v. Firebaugh Canal*,

21  10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc*., 146 F.3d 1083,

22  1085 (9th Cir. 1988).  However, courts are not required "to accept as true allegations that are

23  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v.*

24  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

25        Fraud claims must meet the heightened pleading standard of Federal Rule of Civil

26  Procedure 9(b), which requires enough specificity to give a defendant notice of the particular

27  misconduct to be able to defend against the charge.  *Bly-Magee v. California*, 236 F.3d 1014,

28  1019 (9th Cir. 2001) (citation omitted).  To satisfy this specificity requirement, "the who, what,

4

when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Dismissal under Rule 12(b)(6) without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**PRELIMINARY MATTTERS**

The SES Defendants request that the Court take judicial notice of two documents in support of the Motion to Dismiss: (1) a Subscription Agreement dated June 9, 2006 and signed by Teflomi, Union Charter, and SES through Vail; and (2) the Certificate of Incorporation of SES, filed with the Delaware Secretary of State on or about June 27, 2005. In its Opposition to the Motion, Plaintiffs request that the Court take judicial notice of certain portions of Regulation D of the 1933 Securities Act, 17 C.F.R. § 230.501-506.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court finds that both the Certificate of Incorporation and Regulation D are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The requests for judicial notice of those documents are GRANTED. The Subscription Agreement is referenced in the FAC, and the Court may take judicial notice of the agreement under the "incorporation by reference" doctrine. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint

1   and whose authenticity no party questions, but which are not physically attached to the pleading,

2   may be considered in ruling on a Rule 12(b)(6) motion to dismiss").  Plaintiffs do not appear to

3   challenge the authenticity of the Subscription Agreement.  Defendants' request that the Court

4   take judicial notice of the Subscription Agreement is GRANTED.

5

6   **ANALYSIS**

7

8   **1.      REQUEST TO DISMISS OR TRANSFER VENUE**

9

10          The SES Defendants first argue that venue is improper in this district and request that the

11   Court dismiss the claims against them or, alternatively, sever the claims and transfer them to the

12   Southern District of Texas.  Analysis of the venue issue is difficult now because the FAC is

13   likely to be amended.  To assist counsel, the Court provides the following analysis, and will

14   permit other attacks on venue based on the state of the pleadings in the future.

15          Due process requires that a defendant have certain minimum contacts with a forum.  *See*

16   *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts can be established

17   by such minimal acts as the delivery of a contract, the mailing of insurance premiums, or phone

18   calls and trips to a particular forum.  *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957);

19   *Sher v. Johnson*, 911 F.2d 1357, 1363-64 (9th Cir. 1990).  Any act by a defendant in which it

20   purposefully directs its activities into a particular forum can subject it to personal jurisdiction in

21   the forum.  Venue is proper in a judicial district in which a substantial part of the events or

22   omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  In securities actions, venue is

23   proper in any district where any act or transaction constituting the violation occurred.  *See* 15

24   U.S.C. § 78aa.  Further, "under the co-conspirator venue theory, where an action is brought

25   against multiple defendants alleging a common scheme of acts or transactions in violation of

26   securities statutes, so long as venue is established for any of the defendants in the forum district,

27   venue is proper as to all defendants."  *Securities Investor Protection Corp. v. Vigman*, 764 F.2d

28   1309, 1317 (9th Cir. 1985).

Here, Plaintiffs are alleging a common scheme of acts or transactions violating securities statutes. It is clear that venue in this district is proper for many, if not all, of the defendants in this case. Olenicoff has a secondary residence in California and office headquarters in Orange County, California. (FAC ¶ 5.) Olen Properties is a Florida corporation qualified, headquartered, and conducting business in Orange County, California. (FAC ¶ 6.) By undertaking to manage Plaintiffs' investment assets and communicating with Plaintiffs through the Orange County office, many of the defendants in this case purposefully directed their activities towards this district. Under the co-conspirator venue theory, venue would appear to be achievable as to all defendants in this case, including the SES Defendants. But the venue issue may be raised in the future.

## 2. CLAIMS AGAINST ALL SES DEFENDANTS

The SES Defendants assert that seven of the claims brought against them fail to state a claim upon which relief can be granted and must be dismissed. Specifically, the SES Defendants move for dismissal of Plaintiffs' seventh claim for fraud in connection with the purchase or sale of securities, eighth claim for violations of Sections 25401 and 25501 of the California Corporations Code, tenth and eleventh claims for violations of RICO, fourteenth claim for civil conspiracy, fifteenth claim for unfair business practices, and eighteenth claim for conversion. The Court examines each claim in turn.

### 2.1    Plaintiffs' seventh claim for securities fraud

Plaintiffs' seventh claim for fraud in connection with the purchase or sale of securities is brought against all defendants in this case, including the SES Defendants. Plaintiffs allege that the defendants' continuing scheme, including the SES-Teflomi scheme, violated Section 10(b)5 of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10-b5, 17 C.F.R. § 240.10b-5. Due to the fraudulent conduct, Plaintiffs allege they have been "saddled with investments in non-tradable

securities" and have incurred "millions in self-dealing fees and costs." (FAC ¶ 148.) The SES Defendants argue that Plaintiffs' allegations fall "far short" of meeting the pleading requirements set forth in Rule 9(b) and the Private Securities Litigation Reform Act ("Reform Act"). Specifically, the SES Defendants argue that Plaintiffs fail to allege a single actionable misrepresentation or omission by the SES Defendants, that the FAC does not give rise to a strong inference of scienter on the part of the SES Defendants, and that Plaintiffs "do not and cannot" allege the loss causation necessary to support a securities fraud claim against the SES Defendants.

The Reform Act requires that a plaintiff plead with particularity the statements alleged to have been misleading and the reason or reasons why such statements are, in fact, misleading. 15 U.S.C. § 78u-4(b)(1). The complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The court is required to "engage in a comparative evaluation; it must consider, not only inferences urged by the plaintiff . . . but also competing inferences rationally drawn from the facts alleged." *Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 127 S.Ct. 2499, 2510 (2007). To qualify as "strong," an inference of scienter must be "more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 127 S.Ct. at 2511. Incorporating the particularity requirement of Federal Rule of Civil Procedure 9(b), the Reform Act further requires that where a complaint's allegations are based on information and belief, a plaintiff must plead with particularity "all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *see also* Fed. R. Civ. P. 9(b). In other words, the complaint must set forth "a list of all relevant circumstances in great detail." *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 984 (9th Cir. 1999).

The Court finds that Plaintiffs have failed to adequately plead a claim for securities fraud against the SES Defendants. While the Court finds that the FAC gives rise to a strong inference of scienter and that Plaintiffs have adequately pled loss causation, Plaintiffs do not allege any specific misstatements or omissions attributable to the SES Defendants. While the FAC alleges that defendants "purposefully and intentionally hid [their] fraud and self-dealing from Olenicoff

1   by concealing the true name of the securities on periodic statements sent to his Orange County,

2   California office," it is not clear whether the SES Defendants were involved in preparing or

3   mailing those statements.  (FAC ¶ 86.)

4       The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to

5   Plaintiffs' seventh claim for securities fraud.

6

7       **2.2     Plaintiffs' eighth claim for violations of Sections 25401 and 25501**

8

9       Plaintiffs' eighth claim for violations of Sections 25401 and 25501 of the California

10  Corporations Code is brought against all defendants in this case, including the SES Defendants.

11  Section 25401, California's statutory equivalent of a Rule 10b-5 action, makes it unlawful for

12  any person "to offer or sell a security in this state or buy or offer to buy a security in this state by

13  means of any written or oral communication which includes an untrue statement of a material

14  fact or omits to state a material fact necessary in order to make the statements made, in the light

15  of the circumstances under which they were made, not misleading."  Cal. Corp. Code § 25401.

16  Liability for Section 25401 violations is set forth in Section 25501, which provides that any

17  person violating Section 25401 "shall be liable to the person who purchases a security from him

18  or sells a security to him, who may sue either for rescission or for damages (if the plaintiff or the

19  defendant, as the case may be, no longer owns the security) . . . ."  Cal. Corp. Code § 25501.

20  Plaintiffs allege that the defendants' continuing scheme, including the SES scheme, violated

21  Section 24401.  The SES Defendants argue that Plaintiffs' Section 24401 claim must be

22  dismissed because it fails to meet the heightened pleading requirements of Rule 9(b) and because

23  Plaintiffs fail to allege that the SES shares were purchased or sold in California.

24      Again, as discussed in Section 2.1 of this Order, Plaintiffs have failed to allege any

25  specific misstatements or omissions attributable to the SES Defendants.  The claim against the

26  SES Defendants fails.

27      The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to

28  Plaintiffs' eighth claim for violations of Sections 25401 and 25501 of the California

1  Corporations Code.

2

3    **2.3    Plaintiffs' tenth and eleventh claims for RICO violations**

4

5        Plaintiffs' tenth and eleventh claims for RICO violations are brought against all

6  defendants, including the SES Defendants.  Plaintiffs allege that the defendants' continuing

7  fraudulent scheme constituted "a pattern of racketeering activity" conducted through mail and

8  wire fraud.  (FAC ¶¶ 164, 168.)  The SES Defendants argue that Plaintiffs fail to state a claim

9  under RICO.

10        To adequately plead a RICO claim, a plaintiff must allege: (1) conduct (2) of an

11  enterprise (3) through a pattern of (4) racketeering activity.  *Howard v. America Online, Inc.*,

12  208 F.3d 741, 746 (9th Cir. 2000).  "Racketeering activity" is any act indictable under the several

13  provisions of Title 18 of the United States Code, including mail or wire fraud.  Where mail or

14  wire fraud is alleged as the underlying racketeering activity, RICO must be pled with

15  particularity under Rule 9(b).  *See Moore v. Kayport Package Express, Inc.*, 855 F.2d 531 (9th

16  Cir. 1989).  The SES Defendants argue that Plaintiffs' RICO claims fail because Plaintiffs fail to

17  allege a "pattern" of racketeering activity, a specific use of the wire or mail by the SES

18  Defendants, or any specific intent of the SES Defendants to commit RICO violations.  While the

19  Court finds that Plaintiffs do allege a "pattern" of racketeering activity and the requisite intent on

20  the part of each defendant, the Court agrees with the SES Defendants that Plaintiffs fail to allege

21  a specific use of the wire or mail.  While Plaintiffs do allege that the defendants sent fraudulent

22  statements to Plaintiffs' California office, a RICO plaintiff must state the time, place, and

23  manner of each act of RICO fraud, with the role of each defendant in each scheme.  *See*

24  *Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert.*

25  *denied*, 502 U.S. 1094 (1992).  Plaintiffs do not give the specifics of each act of RICO fraud.

26        The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to

27  Plaintiffs' tenth and eleventh claims for RICO violations.

28

### 2.4    Plaintiffs' fourteenth claim for civil conspiracy

Plaintiffs' fourteenth claim for civil conspiracy is brought against all defendants, including the SES Defendants.  Plaintiffs allege that the defendants in this case had an agreement among themselves to "misrepresent to Olenicoff, and similarly situated existing and prospective customers, the true nature of the investment scheme and to defraud Olenicoff into paying unnecessary and excessive fees for a fraudulent product and fraudulent services and to convert assets from Olenicoff."  (FAC ¶ 192.)  The SES Defendants argue that Plaintiffs' civil conspiracy claim fails to meet the pleading requirements of Rule 9(b).

The Court finds that Plaintiffs have adequately stated a claim for civil conspiracy.  Under California law, the elements of a civil conspiracy are: (1) the formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).  The SES Defendants argue that Plaintiffs' civil conspiracy claim fails because "no facts are alleged to show that any of the SES Defendants had knowledge that Teflomi was anything other than a legitimate company."  (Mot. 20:6-7.)  The Court disagrees.  The FAC clearly alleges that the SES Defendants conspired with other defendants to form Teflomi and divert Plaintiffs' money to SES and the SES Defendants through Teflomi.  In support of that allegation, Plaintiffs cite, among other things, Defendant Storey's connection to the Union Charter Defendants.  Plaintiffs have adequately stated a claim for civil conspiracy.

The SES Defendants' Motion to Dismiss is DENIED as to Plaintiffs' fourteenth claim for civil conspiracy.

### 2.5    Plaintiffs' fifteenth claim for unfair business practices

Plaintiffs' fifteenth claim for unfair business practices in violation of Section 17200 of the California Business and Professions Code is brought against all defendants, including the SES

Defendants.  Plaintiffs allege that the defendants' continuing scheme constitutes "an unlawful, unfair, and fraudulent business practice designed to deprive Olenicoff of money and investment profits."  (FAC ¶ 204.)  The SES Defendants argue that because the claim is clearly "grounded in fraud," it must meet the heightened pleading requirements of Rule 9(b).  *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003) (applying Rule 9(b) to UCL claim "grounded in fraud").  The SES Defendants then assert that Plaintiffs "have failed to allege any facts demonstrating fraudulent conduct on the part of the SES Defendants consistent with Rule 9(b)'s heightened pleading requirements."  (Mot. 22:19-21.)

The Court agrees with the SES Defendants.  The FAC fails to state with particularity the basis for the Section 17200 claim, stating only that "the above-described wrongful acts" have caused Plaintiffs substantial pecuniary losses and injury to Olenicoff's busines reputation and goodwill.  (FAC ¶ 203.)  The claim does not meet the pleading requirements of Rule 9(b).

The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' fifteenth claim for unfair business practices.

### 2.6    Plaintiffs' eighteenth claim for conversion

Plaintiffs' eighteenth claim for conversion is brought against all defendants, including the SES Defendants.  Plaintiffs allege that the SES Defendants wrongfully interfered with Plaintiffs' interests in his investment assets by, among other things, "creat[ing] unnecessary 'shell' corporations and charg[ing] unnecessary transaction fees and referral fees to all parties involved."  (FAC ¶ 219.)  The SES Defendants argue that Plaintiffs fail to state a claim for conversion against them.

To state a claim for conversion under California law, Plaintiffs must allege: (1) Plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) the SES Defendants' conversion by a wrongful act or disposition of property rights; and (3) damages. *See Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 543-44 (1996); *Messerall v. Fulwider*, 199 Cal. App. 3d 1324, 1329 (1988).  The SES Defendants argue that Plaintiffs fail to allege that

they had ownership or right to possession of the $5 million transferred to SES or that the SES Defendants' alleged receipt of the $5 million was wrongful or unlawful.  The Court disagrees. The FAC clearly alleges that the $5 million was taken from Plaintiffs' Neue Bank account. (FAC ¶¶ 84, 85.)  The FAC also alleges that the SES Defendants' receipt of the money was wrongful and unlawful.  Plaintiffs allege that the SES Defendants conspired with other defendants to secretly transfer Plaintiffs' money to SES and benefit themselves.  The Court finds that Plaintiffs have stated a claim for conversion.

The SES Defendants' Motion to Dismiss is DENIED as to Plaintiffs' eighteenth claim for conversion.

## 3.   CLAIMS AGAINST DEFENDANT STOREY

The SES Defendants finally argue that all four claims brought against Defendant Storey individually fail to state a claim upon which relief can be granted and must be dismissed. Specifically, the SES Defendants move for dismissal of Plaintiffs' fourth claim for fraudulent misrepresentation and concealment, fifth claim for constructive fraud, sixth claim for negligent misrepresentation, and ninth claim for breach of fiduciary duty.  The Court examines each claim in turn.

### 3.1   Plaintiffs' fourth claim for fraudulent misrepresentation and concealment

Plaintiffs' fourth claim for fraudulent misrepresentation and concealment is brought against the Union Charter Defendants, Neue Bank Defendants, New Haven Trust Defendants, and Storey.  Plaintiffs allege that those defendants made a number of misrepresentations "[f]or the purposes of inducing Olenicoff to transfer his investments from UBS AG and pay millions of dollars in aggregate fees."  (FAC ¶ 120.)  The SES Defendants argue that Plaintiffs' claim fails to meet the heightened pleading requirements of Rule 9(b).

The Court agrees with the SES Defendants.  While the FAC lists a number of fraudulent

1    misrepresentations, it does not state which statements specifically are attributable to Defendant

2    Storey.  The FAC also fails to state which omissions, if any, are attributable to Defendant Storey.

3    Plaintiffs' claim against Storey fails.

4          The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to

5    Plaintiffs' fourth claim for fraudulent misrepresentation and concealment.

6

7          **3.2     Plaintiffs' fifth claim for constructive fraud**

8

9          Plaintiffs' fifth claim for constructive fraud is brought against the Union Charter

10   Defendants, Neue Bank Defendants, New Haven Trust Defendants, and Storey.  Plaintiffs allege

11   that those defendants "maintained a confidential and fiduciary relationship in their capacities as

12   advisors and even signatories to the Olen accounts or created 'investments.'" (FAC ¶ 128.)

13   Plaintiffs also allege that defendants breached those duties by, among other things, "form[ing]

14   shell corporations and/or invest[ing] in corporations utilizing the Olen assets without advising

15   Olenicoff" and "further serv[ing] on the board for these aforementioned corporations such that

16   they helped themselves to fabricated salaries and finder's fees with the Olen funds, all of which

17   were caused by Defendants advice and proactive misrepresentations and concealments."  (FAC

18   ¶ 132.)  As a result of the defendants' conduct, Plaintiffs allege that each defendant "gained an

19   advantage by receiving millions of dollars in fees, costs, and converted funds from Olenicoff

20   from 2006 through 2008."  (FAC ¶ 138.)  The SES Defendants argue that Plaintiffs' constructive

21   fraud claim fails against Storey because Plaintiffs fail to adequately allege a fiduciary or

22   confidential relationship between Plaintiffs and Storey.

23         The Court agrees with the SES Defendants.  To state a claim for constructive fraud under

24   California law, a party must allege (1) a fiduciary or confidential relationship; (2) an act,

25   omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage."

26   *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006) (citing *Assilzadeh v.*

27   *California Fed. Bank*, 82 Cal. App. 4th 399, 414 (2000) ("Constructive fraud is a unique species

28   of fraud applicable only to a fiduciary or confidential relationship.")).  Here, Plaintiffs do not

sufficiently allege that a fiduciary or confidential relationship existed between Plaintiffs and Storey.  While the FAC does allege that Storey was at one time a director of Union Charter, the FAC does not state whether Storey held that position while Union Charter was soliciting or managing Plaintiffs' funds.  The constructive fraud claim against Storey fails.

The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' fifth claim for constructive fraud.

### 3.3    Plaintiffs' sixth claim for negligent misrepresentation

Plaintiffs' sixth claim for negligent misrepresentation is brought against the Union Charter Defendants and Storey.  Plaintiffs allege that each of those defendants made false or misleading representations to Plaintiffs with the intent "to induce Olenicoff's reliance and to invest in the investment scheme."  (FAC ¶ 139.)  The SES Defendants argue that Plaintiffs' negligent misrepresentation claim against Storey fails to meet the heightened pleading requirements of Rule 9(b).  *See Scognamillo v. Credit Suisse First Boston*, 2005 U.S. Dist. LEXIS, No. C03-2061 TEH, *19 (N.D. Cal. Mar. 21, 2005) (noting that Rule 9(b) applies to negligent misrepresentation and breach of duty claims where conduct underlying claims constitutes fraud).

The Court agrees with the SES Defendants.  Plaintiffs fail to attribute any specific misrepresentation to Defendant Storey, and their claim against Storey fails.

The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' sixth claim for negligent misrepresentation.

### 3.4    Plaintiffs' ninth claim for breach of fiduciary duty

Plaintiffs' ninth claim for breach of fiduciary duty is brought against the UBS Defendants, Union Charter Defendants, New Haven Trust Defendants, Neue Bank Defendants, and Storey.  Plaintiffs allege that each of the defendants "held and continue to hold themselves

15

1   out to the public, and held themselves out to Olenicoff, as experts with particular competence in

2   investment and tax matters."  (FAC ¶ 154.)  The FAC asserts that "each Defendant was one of

3   Olenicoff's fiduciaries and, thus, owed him the undivided duties of honesty, loyalty, care and

4   compliance with the applicable codes of professional responsibility."  (FAC ¶ 156.)  Plaintiffs

5   allege that the defendants breached their fiduciary duties to Plaintiffs by, among other things,

6   "[t]ransferring assets to the names of . . . 'shell' entities thereby causing additional unnecessary

7   fees," "[i]nvesting Olenicoff's money in corporations controlled and operated for the benefit of

8   Defendants without authority and without advising Olenicoff of said investments," "[s]erving on

9   the boards of said entities in direct conflict to the interest of their client to whom they owed a

10  fiduciary duty," and "[w]hile serving on the board of the self-created entities, unilaterally

11  awarding themselves large salaries comprised of Olenicoff's 'investments,' to serve as board

12  members of said entities."  (FAC ¶158.)  The SES Defendants argue that Plaintiffs fail to

13  adequately allege a fiduciary relationship between Plaintiffs and Storey.

14        The Court agrees with the SES Defendants.  Plaintiffs do not sufficiently allege that a

15  fiduciary relationship existed between Plaintiffs and Storey.  While the FAC does allege that

16  Storey was at one time a director of Union Charter, the FAC does not state whether Storey held

17  that position while Union Charter was soliciting or managing Plaintiffs' funds.  The breach of

18  fiduciary duty claim against Storey fails.

19        The SES Defendants' Motion to Dismiss is GRANTED with leave to amend as to

20  Plaintiffs' ninth claim for breach of fiduciary duty.

21

22

23

24

25

26

27

28

**DISPOSITION**

The SES Defendants' Motion is DENIED as to Plaintiffs' fourteenth and eighteenth claims.  The Motion is GRANTED with leave to amend as to Plaintiffs' fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and fifteenth claims.

If Plaintiffs wish to file a Second Amended Complaint, they may do so by March 16, 2009.  The Second Amended Complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.  All changes made to the First Amended Complaint shall be identified to the Court, preferably in a "red-line" copy.

IT IS SO ORDERED.

DATED: February 24, 2009

_____
Andrew J. Guilford
United States District Judge