William J. King, Esq. (Bar No. 199908)
William C. Hoggard, Esq. (Bar No. 192329)
HORIZON LAW GROUP LLP
17991 Cowan St.
Irvine, CA 92614
Tel.: (949) 261-2500
Fax: (949) 261-2515
Email:    wking@horizonlawgroup.com

Julie A. Ault, Esq. (Bar No. 186914)
Marisa D. Poulos, Esq. (Bar No. 197904)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.: (949) 719-7212
Fax: (949) 719-7210
Email:    jault@olenproperties.com
          mpoulos@olenproperties.com

Attorneys for Plaintiffs Igor Olenicoff and Olen Properties Corp.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF, an individual; OLEN PROPERTIES CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG, a foreign Swiss corporation, et al.<br><br>Defendants. | CASE NO. 8:08-CV-01029-AG-(RNBx)<br><br>**Hon. Andrew J. Guilford**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT JAMES ALEXANDER MICHIE'S AND ROBERT KNIGHT'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS**<br><br>DATE: September 12, 2011<br>TIME: 10:00 a.m.<br>DEPT: 10D |

COMES NOW Plaintiffs Igor Olenicoff and Olen Properties Corp. ("Plaintiffs") and hereby submit the following opposition to Defendant James Alexander Michie's and Robert Knight's (collectively "Michie Defendants") Motion for Leave to File Counterclaims:

## I. SUMMARY OF THE ACTION

This case arises out of multiple layers of well-orchestrated schemes by numerous defendants working in conjunction with one another to use, misuse, and abuse the assets of Plaintiffs Igor M. Olenicoff and Olen Properties Corp. and defraud Plaintiffs of millions of dollars all for their own personal benefit and financial gain. The Michie Defendants' role in this global scheme is well plead in the operative Third Amended Complaint ("TAC"), the sufficiency of which has been tested through no less than three rounds of Motions to Dismiss by various defendants in this litigation, including the moving parties.

The instant motion is brought by the Michie Defendants who acted in concert with the other defendants to invest Plaintiffs' funds into pump and dump stocks in companies for which they acted as the officers, directors and promoters. The TAC describes in detail the stocks in which Plaintiffs' funds were placed, the actions of the Michie Defendants related thereto and the scheme employed by them to misuse Plaintiffs funds in concert with Plaintiffs' money managers, including Defendant Bradley Birkenfeld, the UBS Defendants, the New Haven Defendants and the Union Charter Defendants.

The instant motion for leave to file a Counterclaim has been filed over two years and three months after service of the Second Amended Complaint ("SAC") on the Michie Defendants, over two years after the stipulated dismissal of initial Answer and Counterclaim previously filed by the Michie Defendants, and more than a year after the filing of the Michie Defendants answer to the TAC. The motion is not supported by any evidence whatsoever, the allegations of the proposed Counterclaim are nearly identical

to those in the previously dismissed Counterclaim, and further fail to allege any actionable claims against Plaintiffs.

The moving parties have failed to meet their burden in demonstrating to this Court that there exists reason to grant leave to file a Counterclaim and therefore the motion should be denied.

## II. RELEVANT PROCEDURAL TIMELINE

| Date | Event |
|---|---|
| 04/19/09 | Michie Defendants served with SAC |
| 06/25/09 | Michie Defendants file Answer to SAC and Counterclaim (Docket No. 207) |
| 07/15/09 | Michie Defendants file Stipulation to Dismiss Counterclaim (Docket No. 213) |
| 09/23/09 | Michie Defendants file Motion to Dismiss TAC (Docket No. 256) |
| 10/06/09 | Plaintiffs file Opposition to Michie Motion to Dismiss including supporting declaration by Rasaway (Docket No. 271) |
| 03/16/10 | Court denies Michie Defendants Motion to Dismiss (Docket No. 316) |
| 04/12/10 | Court enters Scheduling order requiring all amendments to pleadings filed within 60 days (deadline 06/11/10) (Docket No. 326) |
| 04/22/10 | Michie Defendants file Answer to TAC with no Counterclaims (Docket No. 337) |

PLAINTIFFS' OPPOSITION TO DEFENDANT JAMES ALEXANDER MICHIE'S AND ROBERT KNIGHT'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS

| | |
|---|---|
| 08/03/11 | Michie Defendants file Motion for Leave to File Counterclaims (Docket No. 442) |

### III. MICHIE DEFENDANTS HAVE FAILED TO MEET BASIC PLEADING REQUIREMENTS IN SUPPORT OF THE INSTANT MOTION

There are three basic requirements for moving papers: a) adequate notice to the court and the parties; b) the facts or *evidence* on which the motion is based (consisting of declarations, affidavits, depositions or other discovery documents, exhibits, judicially noticeable facts, etc.); and c) points and authorities demonstrating how the law, when applied to the facts presented authorizes the relief sought. (Central Dist. Local Rules 7-4 through 7-7)  Original or copies of supporting declarations and other evidence must be served along with the notice of motion and points and authorities.  (FRCP 6 (c) (2); Central Dist. Local Rules 7-6)

The Michie Defendants filed the instant motion for leave to file a Counterclaim with nothing more than a notice of motion, memorandum of points and authorities, and a proposed unverified Counterclaim pleading.  The moving papers are totally void of any actual admissible evidence upon which the motion is based, as there are no accompanying declarations under oath, requests for judicially noticeable facts, or any other form of reference for the basis for the facts alleged in the motion.  The motion appears to be based purely on unsubstantiated allegations of counsel contained in the points and authorities and the proposed operative pleading.

Bald-faced allegations, such as those contained in the moving papers are inadmissible in support of a motion. The evidence submitted to the court must meet all requirements for admissibility of evidence as if offered at the time of trial. [*Travelers Cas. & Sur. Co. of America v. Telstar Const. Co. Inc.* (D AZ 2003) 252 F. Supp.2d 917, 922; CD CA Rule 7-7] Basically, this means that the declarations or affidavits must be made by witnesses having personal knowledge of the facts stated therein, state facts that would be admissible evidence, and affirmatively show that the witness would be competent to testify at trial. (FRCP 56(c)(4)) The moving papers have failed to provide any actual evidence in support of the request that this court grant the Michie Defendants leave to file Counterclaims and on this basis alone, the motion should be denied.

## IV. MICHIE-KNIGHT DEFENDANTS HAVE WAIVED RIGHT TO FILE COUNTERCLAIM

Though the instant motion fails to provide any actual evidence of any meritorious claims against Plaintiffs for which the moving parties seek leave from this Court to file a Counterclaim *years* after the commencement of this case, it appears the Michie Defendants rely on FRCP 13 as a basis to allege its Counterclaims. A responding party must plead as a counterclaim any claim which at the time of responding it has against the opposing party, if that claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another

party over whom the court cannot acquire jurisdictions. [FRCP 13(a)(1)(A)(B); *Adams v. Jacobs* (2nd Cir. 1991) 950 F2d 89, 92; *Mc Daniel v. Naheuser-Busch, Inc.* (5th Cir. 1993) 987 F2d 298, 304] The Michie Defendants apparently agree by the language of the instant motion that the claims that they seek to file are in fact compulsory, but cite to Section (e) of FRCP 13 for the proposition that claims which mature after the filing of an answer may be presented to the court in a supplemental pleading. However, the Michie Defendants ignore the fact that the claims now presented in the proposed Counterclaim filed concurrently with the instant motion are nearly identical in all respects to the allegations contained in the Counterclaim filed on June 25, 2009 and *dismissed* by stipulation on July 15, 2009.

While federal policy strongly favors determination of cases on their merits, the granting of leave is not mandatory. The role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. [*Foman v. Davis* (1962) 371 US 178, 182, 83 S.ct. 227, 230; *FilmTec Corp. v. Hydronautics* (Fed. Cir. 1995) 67 F3d 931, 935-936; *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F3d 777, 785] Thus leave to amend should not be granted automatically.

The moving papers make no attempt whatsoever to present evidence to demonstrate why two years have elapsed since the dismissal of the original Counterclaim and the presentation of this motion for leave to file the nearly identical

proposed Counterclaims existed at the time of the filing of the Michie Defendants answer to the SAC, at the time of the filing of the voluntary dismissal of the Counterclaims, and again still at the time of the filing of their answer to the TAC. A belated and repeated presentation of the compulsory Counterclaims years after they were originally presented and dismissed is not only dilatory, but also questionable in motive and unduly prejudicial to Plaintiffs presentation of their case at this late stage of the pendency of the proceedings (Declaration of William King, Para. 11)

Where a case management scheduling order (FRCP 16(b)) sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendments of pleadings ( FRCP 15(a)) no longer applies. To allow the amendment, the scheduling order must be modified and this requires leave of court and a showing of "good cause." [*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271, 1294; (FRCP 16(b)(4)—"compelling reasons" why amendment could not have been presented earlier; *S&W Enterprises, LLC v. South Trust Bank of Alabama , NA* (5th Cir. 2003) 315 F3d 533, 536] The scheduling order in this matter was issued on April 12, 2010 (See Scheduling Order Docket no. 326), requiring the parties to amend any pleadings within sixty days of the issuance of said order, or **June 11, 2010**. The Michie defendants, having already participated in the case for a year at the time of the issuance of the scheduling order, chose not to seek leave to file a compulsory Counterclaim within the court ordered time frame. No good cause exists for relief from the decision to forgo

their opportunity to pursue these claims and thus leave to file a Counterclaim should be denied.

## V. PROPOSED COUNTERCLAIM FAILS TO STATE A CAUSE OF ACTION AGAINST THE PLAINTIFFS

Even presuming the Counterclaim had been timely presented for filing, the Counterclaim on its face fails to state any facts which would support a cause of action against Plaintiffs. The Counterclaim alleges in the 'Facts Common to All Causes Of Action' section a myriad of bad acts and conspiratorial theories by third parties, including Defendant Michie's ex-wife, which the moving parties asserts caused them damages[2]. Yet the proposed Counterclaim fails to assert how the alleged bad acts of third parties give rise to a claim against either Plaintiff Olenicoff or Olen Properties Corp. The sole link between the third party complained about in the proposed pleading and Plaintiffs is that Plaintiffs utilized a declaration of this third party in opposition to the Motion to dismiss the TAC.

Pursuant to Cal. Civ. Code § 47

A privileged publication or broadcast is one made:
(a) In the proper discharge of an official duty.
(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other

---

[2] Though Defendants Michie and Knight seek leave to file the counter claim, the proposed counter claim includes non-moving party Knight Financial, Ltd. as a counter claimant. The proposed pleading therefore exceeds the scope of leave to file sought by this motion.

proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure....

Any allegations contained in the TAC or made within the instant litigation are not actionable until such time as a determination on the merits has been made. Thus, the moving parties' attempts to assert a claim arising out of allegations made within this case are improper.

## VI. CONCLUSION

After a delay in excess of two years, the Michie Defendants present no admissible evidence in support of its motion for leave to file a Counter Claim upon which this Court may grant the requested relief. Plaintiffs respectfully request this Court deny the motion in its entirety.

Dated: August 12, 2011

By: /s/ Julie A. Ault
Julie A. Ault, Esq.
Attorney for Plaintiffs IGOR OLENICOFF
and OLEN PROPERTIES CORP.