JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
REGINALD ROBERTS, JR. (SBN 216249)
rroberts@sandersroberts.com
**SANDERS ROBERTS LLP**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: 213-943-1314
Facsimile: 213-234-4581

Attorneys for Defendants James Alexander Michie, Robert Knight, Knight Financial Ltd, and GM Capital Partners

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF, an individual; OLEN PROPERTIES CORP., a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, et al. <br><br> Defendants. | Case No. SACV08-01029-AG (RNBx) <br> *Hon. Andrew Guilford, presiding.* <br><br> **DEFENDANT JAMES ALEXANDER MICHIE'S AND ROBERT KNIGHT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE COUNTERCLAIMS** <br><br> Date: September 12, 2011 <br> Time: 10:00 <br> Crtrm: 10D |

## MEMORANDUM OF POINTS & AUTHORITIES

### A. The Motion For Leave To File Counter Claims Was Not Not Required To Be Accompanied By Declarations Because The Case Docket Speaks For Itself

Plaintiffs assert that Defendants were required to submit declarations in support of their Opposition. However, Plaintiffs fail to specify, what, if any, purported evidence was necessary to support the motion. The motion for leave to file counterclaims is purely procedural, and no reference to outside factual support was necessary. The only reference points necessary were docket entries, which were referenced in the motion. The factual basis supported the counterclaims is set forth in the counterclaims themselves.

### B. Defendants Did Not Waive The Right To File Counterclaims Because The Prior Counterclaims Asserted Different Claims And Were Dismissed Without Prejudice

Plaintiffs argue that Defendants waived their right to file counterclaims when Defendants dismissed *without prejudice* the counterclaim pleaded in their Answer because the counterclaim in the June 2009 Answer and the proposed counterclaims are the same. However, the facts show otherwise. The proposed counterclaims include four causes of action: defamation, invasion of privacy, intentional interference with prospective economic advantage, and civil conspiracy. In addition to the allegations regarding Plaintiffs' relationship with Agang Schariat-Rasawy, the proposed counterclaims allege that counterclaim defendants took action to block certain of Mr. Knight's business transactions. Thus, the allegations in the proposed counterclaims are very different from the allegations in the June 2009 Answer.

Plaintiffs' next argument is that the Scheduling Order precludes the filing of counterclaims. (Opposition at p. 8). However, the Scheduling Order in this case is *silent* regarding whether it must be amended in order to allow a party to plead

counterclaims as of this date. The language of the Scheduling Order cited by counterclaim defendants in their Opposition relates only to *amended pleadings*, not proposed counterclaims. Moreover, even if the Court found the Scheduling Order prevents the filing of counterclaims, the Court is empowered to modify the Scheduling Order. Therefore, the Scheduling Order does not preclude the counterclaims.

### C. The Asserted Counterclaims Are Likely More Convenient Than A Separate Action

Defendants have the option of filing a new lawsuit asserting the same claims that are asserted in the proposed counterclaims. However, it may be more efficient for the court and the parties to have all of the allegations in the proposed counterclaims heard as part of this case. Consequently, Defendants brought this motion for leave to file counterclaims.

## II. CONCLUSION

For each of the forgoing reasons, Defendants respectfully request that the Court grant them leave to file counterclaims against Plaintiffs.

Dated: August 31, 2011            **SANDERS ROBERTS LLP**

By: _/s/ Justin H. Sanders_
Justin H. Sanders
Attorneys for Defendants James Alexander Defendant and GM Capital Partners, Robert Knight and Knight Financial, Ltd.