William J. King, Esq. (Bar No. 199908)
William C. Hoggard, Esq. (Bar No. 192329)
HORIZON LAW GROUP LLP
17991 Cowan
Irvine, CA 92614
Tel.:    (949) 261-2500
Fax:   (949) 261-2515
Email:       wking@horizonlawgroup.com

Julie A. Ault, Esq. (Bar No. 186914)
Marisa D. Poulos, Esq. (Bar No. 197904)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:   (949) 719-7212
Fax:   (949) 719-7210
Email:       jault@olenproperties.com
                  mpoulos@olenproperties.com

Attorneys for Plaintiffs.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UBS AG et al.,<br><br>                    Defendants. | Case No. SACV08-01029 AG (RNBx)<br><br>**NOTICE OF PLAINTIFFS' MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING NON-PARTY SUBPOENAS SERVED BY DEFENDANT UBS AG.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   October 11, 2011<br>Time:  9:30 a.m.<br>Courtroom: 6D<br><br>*[Filed concurrently with Declaration of Marisa D. Poulos and Proposed Order]* |

1

**TO THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 11, 2011, at 9:30 a.m. in Courtroom 6D of the above-entitled court, Plaintiffs, Igor Olenicoff and Olen Properties Corp. ("Plaintiffs"), will move, and hereby does move this Court for a Motion to Quash and/or Motion for Protective Order regarding the non-party subpoenas served on Hochman, Salkin, Rettig, Toscher & Perez, P.C. ("Hochman"), Fulbright & Jaworski, LLP ("Fulbright") and Stephen L. Newman, An Accountancy Corporation ("Newman") by Defendant UBS AG ("Defendant" and "UBS")[1].  Good cause exists for granting the motion to quash and protective order, because the first four requests, which are identical in all three subpoenas, and are exceedingly overbroad. Therefore, quashing or modifying the subpoenas or granting a protective order is proper to ensure that the non-parties produce documents that are responsive and relevant to the claims and defenses at issue.   This application is made pursuant to Federal Rules of Civil Procedure §§ ("FRCP") 45(c) (3) and 26(c).

Pursuant to Local Rule 37-1, Plaintiffs counsel sent counsel for UBS a meet and confer letter regarding the subpoena served on Hochman and Fulbright.  In addition, the parties met and conferred in person on August 22, 2011.  At that meeting, UBS refused to withdraw, narrow or agree to compensate the non-parties for the costs involved with complying with the subpoenas.

//

//

//

---

[1] True and correct copies of the subpoenas are attached as Exhibit "A" to the declaration of Marisa D. Poulos ("Poulos decl.").

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

1    This motion will be based on this notice, the attached memorandum of points and

2    authorities, the declaration of Marisa D. Poulos and exhibits attached thereto, the files

3    and records of this action, and any further evidence and argument that the Court may

4    receive at or before the hearing.

5

6    Dated:  September 2, 2011

7

8                                             /s/ *Marisa D. Poulos*_____
                                             Marisa D. Poulos, Esq.
9                                             Julie A. Ault, Esq.
                                             William J. King, Esq.
10                                            Attorneys for Plaintiffs.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## 1. INTRODUCTION

Defendant UBS AG has served three (3) non-party subpoenas.  Two of the subpoenas were served on Plaintiffs counsel Hochman and Fulbright and the third was served on Plaintiffs accountant, Newman.  Each subpoena requests the production of the following documents for the years 1998-2008:

1.  All Communications with U.S. Internal Revenue Service ("I.R.S.") concerning Plaintiffs from 1998-2008;

2.  All Communications with the U.S. Department of Justice ("DOJ") concerning Plaintiffs from 1998-2008;

3.  Any agreements, settlements, or contracts between Plaintiffs and the U.S. IRS; and

4.  Any agreements, settlements, or contracts between Plaintiffs and the U.S. DOJ.[2]

The parties have met and conferred on this issue in writing, in person and telephonically.[3]  Plaintiffs asserted that "documents concerning Mr. Olenicoff's <u>tax disputes</u> have absolutely no association or relation to the events surrounding this case.  While UBS responded that, "[t]his is the same argument that Magistrate Block has already evaluated and rejected. . . [t]his argument was also rejected by Judge Guilford . . ."[4]. However, Judge Block's June 14, 2011 order that Plaintiffs produce ten years of tax returns did not include the production of documents from 1998-2008 relating to *all* communications, agreements and settlements (among others) concerning Plaintiffs, the

[2] The subpoena served on Newman includes two additional requests for documents, namely copies of state and federal tax returns for Plaintiffs from 1998-2008.

[3] Poulos decl.¶ 4, 5, 9, 11.

[4] A true and correct copy of correspondence from Kristopher Diulio, counsel for UBS is attached to the Poulos decl. as Exhibit "C".

1

Internal Revenue Service and the Department of Justice.  In fact, the production of non-tax return related documents was not remotely contemplated at the June 14, 2011 hearing on UBS's Motion to Compel or the subsequent Motion for Reconsideration.[5]

Despite the difference of opinions regarding the implications of Judge Block's ruling and in an effort to avoid the need for the instant motion, on August 30, 2011, counsel for Plaintiffs and UBS again tried to come to some understanding regarding the scope of the requests.  Unfortunately, this again proved fruitless.[6]   Therefore, because of the broad brush with which the requests are phrased and to guard against the possible production of documents that do not relate to the claims and defenses in this case, Plaintiffs' motion to quash and for protective order should be granted.

## 2.   PROCEDURAL BACKGROUND REGARDING THE NON-PARTY SUBPOENAS

On July 29, 2011 and August 3, 2011, Defendant UBS served non-party witnesses, Fulbright and Hochman, who are <u>both</u> Plaintiffs' counsel, with subpoenas *duces tecum* and a demand for production of documents for August 19, 2011.   In addition, UBS served Plaintiffs accountant, Newman with a subpoena *duces tecum* that included the same requests for documents, except that it also requested the production of Plaintiffs' tax returns from 1998-2008.[7]   As set forth above, all four of the document requests were drafted with little or no specificity.

UBS did agree to limit the scope of Requests 3 and 4 as to the subpoena served on

---

[5] Judge Guilford also did not reject the argument. Rather, Judge Guilford found no abuse of discretion on the part of Judge Block.

[6] Poulos decl.¶ 11.

[7] Pursuant to this Court's order, Plaintiffs produced state and federal tax returns for tax years 2005-2008.  Because of the government search which took place in 2005, Plaintiffs do not have possession custody or control of tax returns from 1998-2004.  Therefore, Plaintiffs sent a request and payment for tax returns for the missing years.

---

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

non-party witnesses, Fulbright.[8] However, other issues relating to the costs and burden on Fulbright to comply with the subpoena as drafted remain unresolved.  Therefore, on August 12, 2011 Fulbright and Hochman timely served objections to the subpoena by UBS.[9]  In addition, on August 19, 2011, Fulbright produced 33 pages of documents that were responsive to the subpoena.[10] Likewise, Hochman produced 21 pages of responsive documents.   Based on three attempts to meet and confer with UBS and its refusal to comply with the spirit and intent of Rule 45 regarding non-parties, the only conclusion that can be drawn is that, UBS has served the instant subpoenas on Plaintiffs' former attorneys and accountant to conduct a fishing expedition, for harassment and not for the purpose of obtaining relevant evidence concerning Plaintiffs claims and UBS's defenses that would be admissible at trial.  Therefore, the subpoenas should be quashed in their entirety, modified or a protective order should be granted.

**3.  ARGUMENT**

**A.      Plaintiffs Have Standing To Seek A Motion to Quash and Protective Order Against Defendant UBS AG Non-Party Subpoenas**

Federal Rule of Civil Procedure Rule 26(c) provides in pertinent part, that: Upon motion by a party or by the person from whom discovery is sought…the court…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense . . . .[11]  Moreover, courts within the Ninth Circuit recognize this sound principle of law.[12]  Finally, a party

---

[8] A true and correct copy of correspondence from Fulbright & Jaworski, LLP to UBS is attached to the Poulos decl. as Exhibit "D."

[9] Exhibit "E" to the Poulos decl.

[10] Poulos decl. ¶ 9, Exh. "F".

[11] *In re Ashworth, Inc. Securities Litigation* 2002 WL 33009225 (S.D.CA 2002)

[12] *Id* citing to *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp. 2d 1202, 1206 (D.Or. 1999).

3

---

cannot object to a subpoena *duces tecum* served on a nonparty, but rather, must seek a protective order or make a motion to quash.[13] Therefore, Plaintiffs have standing to seek a protective order and bring a motion to quash the subpoenas served by Defendant UBS in an attempt to obtain overbroad and non-relevant documents.

**B.** **The Four Categories of Documents Subpoenaed By UBS Are Irrelevant And Overbroad Because They Are Without Reasonable Limitation In Scope And Are Not Relevant To the Claims And Defenses In This Litigation Such That The Subpoenas Should Be Quashed**

Rule 45(c)(3)(A) sets forth the bases for a court to quash or modify a subpoena. In relevant part Rule 45 provides: on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it: (i) fails to allow reasonable time for compliance; (iv) subject a person to undue burden.  In this case Plaintiffs seek to quash, or, in the alternative, to modify the Rule 45 subpoena served on Hochman, Fulbright and Newman, on the basis that compliance subjects both to undue burden because the requests are overbroad and abusively drawn.  Moreover, it is well settled that courts have incorporated relevance as a factor when determining motions to quash a subpoena.[14]

As evidenced by UBS AG's written response to Plaintiff's first attempt to meet and confer regarding the subpoenas served on Hochman and Fulbright[15] UBS's position was and remains that the subpoenas are not unduly burdensome because "they request only four narrow categories of documents."   A review of the subpoenas as drafted

---

[13] *Moon v. SCP Pool Corporation, et al.* 232 F.R.D. 633(C.D.CA 2005) citing to *Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F. 2d 492, 494 (9th Cir. 1983).

[14] *Moon et al. v. SCP Pool Corporation, et al,* 232 F.R.D. 633, 637 citing to *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter,* 211 F.R.D. 658, 662 (D.Kan.2003).

[15] A true and correct copy of correspondence from counsel for UBS AG dated August 12, 2011 is attached to the Poulos decl. as Exhibit " C."

---

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

reveals that the four categories are far from narrowly-tailored, are overbroad and abusively drawn.   Moreover, it seems clear that UBS is attempting to illogically extrapolate Judge Block's order of June 14, 2011, to justify its position and right to obtain ten years worth of documents from Plaintiffs accountant, tax counsel and criminal counsel.

As the Court is aware, Judge Block ordered production of Plaintiffs' tax returns on the basis that those documents might be relevant to the issue of Plaintiffs' *damages*.  At no time, during the hearing on UBS's Motion to Compel or Plaintiffs' subsequent Motion for Reconsideration before Judge Guilford were documents concerning Mr. Olenicoff's tax disputes on other unrelated matters, i.e. all communications, agreements, settlements, or contracts with and between the U.S. Internal Revenue Service and Department of Justice concerning Plaintiffs, found to be relevant by this Court.[16]  This creative interpretation, or more accurately, misinterpretation of the alleged facts and now rulings by this Court has become a regular practice for UBS.

Judge Block's ruling regarding the production of tax returns cannot be extended to encompass a decade's worth of alleged agreements and communications with the I.R.S. and D.O.J. from Plaintiffs' former attorneys and accountant. While the Court ordered production of Plaintiffs' tax returns from 1998-2008, a decade worth of Plaintiffs interactions with the I.R.S. and D.O.J. are not similarly relevant to any claim or defense in this litigation, unless potentially, the document relates to the tax returns filed from 1998-2008.   For example, Plaintiffs have learned that it is common for government entities like the I.R.S. to assess deficiencies in 2005 for the tax year 1995.[17]   In this example, because the relevant time period for the subpoenas includes the years 1998-2008, a document dated 2005, that related to a 1995 tax return could be deemed

_____

[16] Categories of documents requested in the Hochman and Fulbright subpoenas.

[17] Poulos decl.¶ 12.

5

_____

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

responsive to the subpoena, although not relevant to any claim, defense or Plaintiffs damages.  Any documents that are dated 1998-2008 are not automatically relevant and discoverable simply because they relate to Plaintiffs, the I.R.S. and/or the D.O.J. As a result, the subpoenas as drafted are overbroad and burdensome, in that the scope of requested documents is unclear.

In opposition to this motion, UBS will argue that the subpoenaed documents are needed and relevant to show that Plaintiffs and/or Olenicoff brought the scheme to defraud the IRS to UBS and not vice versa.  And, UBS will likely argue that more than ten years of communications; agreements and settlements with the IRS and DOJ are relevant to show Plaintiffs pattern or scheme of defrauding the government by concealing off shore account information that was in play long before Plaintiffs became involved with UBS.  Finally, UBS will argue that it needs any and all documents during that time period that relate to the amount of back taxes Plaintiffs paid to the government to permit UBS to determine which portion of Plaintiffs damages are attributable to UBS or to determine if an offset is required.[18]  In fact, UBS already admitted that beginning in 2000 (which is at least two years before Olenicoff began doing business with UBS) and continuing until 2007, it participated in a scheme to defraud the U.S. and the I.R.S., by actively assisting or otherwise facilitating many U.S. individual taxpayers in establishing accounts at UBS in a manner designed to conceal the U.S. taxpayers' ownership or beneficial interest in those accounts.[19]  Therefore, UBS's overbroad subpoenas cannot be permitted.  Therefore, the motion to quash should be granted.

---

[18] Poulos decl.¶ 11.

[19] Deferred Prosecution Agreement, U.S.A. vs.  UBS AG,  U.S.D.C., Southern District of Florida, Case No. 09-60033.

Notice of Plaintiffs' Motion to Quash and Motion for Protective Order

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    In the Alternative, A Protective Order Is Warranted Because The Requested Documents Are Not Relevant To The Claims Or Defenses In This Action And to Protect Plaintiffs From The Embarrassment, Annoyance and Undue Burden That Would Otherwise Result If The Scope Of The Document Requests Is Not Limited

The Federal Rules of Civil Procedure do not support UBS's current fishing expedition.  Plaintiffs have impermissible cast broad third party subpoenas  seeking to capture information and documents that are unrelated to Plaintiffs' claims.  Under Rule 26 of the Federal Rules of Civil Procedure, discovery is limited to those matters that are: (i) not privileged, and (ii)relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1).  Under that rule "the parties…have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.[20]

Here, UBS has served <u>three separate subpoenas with four identical document requests</u> covering the same period of time from three separate non-parties.  Assuming *arguendo* that the Court does not quash or modify the subpoenas, Plaintiffs are asking that the Court limit the extent of use of the non-party subpoenas served by UBS because: (i) the discovery sought is unreasonably cumulative and duplicative, and is obtainable from some other source that is more convenient, less burdensome, and less expensive; (ii) UBS has had ample opportunity by discovery in the action to obtain the information sought; (iii) the burden or expense of the proposed discovery outweighs its likely benefit… Fed.R.Civ.P. 26(b)(2)(i)-(iii).

UBS has had plenty of time and opportunities (approximately three years) to obtain the information sought through the I.R.S. and D.O.J directly.  Moreover, UBS has duplicated its request for the same documents from three separate non-parties.  As a result, the discovery sought is cumulative and duplicative.  Finally, as drafted, the

---

[20] *In re Ashworth, Inc. Securities Litigation* 2002 WL at 2, citing Fed.R.C.P.26(b)(1).

7

documents requested are not relevant to the claims and defenses of any party, regardless of UBS's creative interpretation of Judge Block's ruling. Therefore, UBS is not entitled to production of such documents and justice requires that this Court make an order to protect Plaintiffs from annoyance, embarrassment, oppression that would result in production of the requested documents. Fed. R.Civ.P. 26(c).[21]

## 4. CONCLUSION.

In this case, the Hochman, Newman and Fulbright subpoenas should be quashed or modified, because the subpoenas are generally overly broad in that they request unspecific documents for an unreasonably large period of time, the production of which would include the production of documents unrelated to the claims and defenses at issue. Therefore, Plaintiffs respectfully request that the Court quash or modify the subpoenas or in the alternative, that a protective order be granted regarding the subpoenas served on Hochman, Fulbright and Newman.

Dated: September 2, 2011

/s/ Marisa D. Poulos
Marisa D. Poulos, Esq.
Julie A. Ault, Esq.
William J. King, Esq.
Attorneys for Plaintiffs.

---

[21] Federal Rule of Civil Procedure 26(c) governs the granting of a protective order. A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed.R.Civ.P. ("FRCP") 26(c). For good cause to exist the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.[21]

8