UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **SACV 08-1029-AG (RNBx)**  Date: **September 6, 2011**

Title: **Igor Olenicoff, et al. v. UBS AG, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Joe Roper | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:
None present  None present

**PROCEEDINGS: (IN CHAMBERS)**

**Plaintiffs' Motion to Quash and Motion for Protective Order Regarding Non-Party Subpoena, filed September 2, 2011**

The foregoing Motion is ordered off calendar and denied on account of plaintiffs' failure to present it in the form of a Joint Stipulation, as required by Local Rule 37-2.

Moreover, the Motion may not be refiled until after counsel for plaintiffs and UBS AG have met and conferred further under the Court's auspices and the Court is satisfied that counsel indeed have made a good faith effort to resolve their dispute over the alleged overbreadth of the subpoenas. Lead counsel for plaintiffs and UBS AG are ordered to appear before the Court for that purpose on September 27, 2011 at 9:30 a.m. The Court encourages counsel to confer in advance of September 27, 2011 to either hopefully resolve their dispute and obviate the need for the discovery conference or facilitate the accomplishment of the purpose of the conference. In that regard, the parties are advised as follows:

    1.    The Court subscribes to the following view: "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008); see also other cases cited therein. Thus, plaintiffs here may not object to the subpoenas on the ground of undue burden to the third parties. Only the third parties can make such an objection.

    2.    However, the Court also subscribes to the view expressed by Judge Battaglia in the Southern District of California that, in addition to moving for a protective order with regard to a subpoena issued to a

MINUTES FORM 11  Initials of Deputy Clerk: JR
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 08-1029-AG (RNBx)　　　　　　　　　　　　　　　　September 6, 2011
<u>Igor Olenicoff, et al. v. UBS AG, et al.</u>　　　　　　　　　　　　　　　　　　　　　　Page 2

------------------------------------------------------------------------------------------------------------------

non-party if it believes its own interests are jeopardized the by discovery sought from the third party, a party has standing under Rule 26(c) to seek a protective order with regard to subpoenas issued to non-parties that seek irrelevant information. <u>See</u> <u>In re Remec, Inc. Securities Litigation</u>, 2008 WL 2282647, *1 (S.D. Cal. May 30, 2008) and cases cited therein.

　　　　3.　　To the extent that either side is making any of the same arguments that they made in connection with UBS AG's Motion to Compel the Production of Documents and Interrogatory Responses, the Court's rulings on those arguments will apply with equal force to the third party subpoenas.


cc:　　Judge Guilford

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: <u>JR</u>
CIVIL-GEN