# Swiss Laws on Civil Procedure

**English Version**

Swiss Code of Civil Procedure (CCP),
Code on Private International Law (CPIL)
and Lugano Convention (LC)

Myriam A. Gehri, Dr. iur., LL.M., Attorney at Law
Fridolin Walther, Dr. iur., LL.M. (Yale), Attorney at Law

translation by Anli van der Walt

1st Edition 2010

orell füssli Verlag AG

Case 8:08-cv-01029-AG -RNB   Document 480-2   Filed 09/12/11   Page 2 of 2   Page ID #:9139

### Second segment: Parties' right to refuse to cooperate

**Art. 163**   Right to refuse to cooperate

¹ A party can refuse to cooperate if:
a. this would expose a person related to him/her as defined in Article 165 to criminal prosecution or liability under civil law;
b. this would make him/her liable to prosecution for violation of a secret pursuant to Article 321 of the Penal Code; this does not apply to auditors; Article 166 paragraph 1 (b) third sentence in fine applies mutatis mutandis.

² Persons who are bound to guard other secrets protected by statute can refuse to cooperate if they can furnish prima facie evidence that the need to keep the secret is more important than the need to ascertain the truth.

**Art. 164**   Unjustified refusal

If a party refuses to cooperate without justification, the court takes this into account when it evaluates the evidence.

### Third segment: Third party's right to refuse to cooperate

**Art. 165**   Comprehensive right to refuse to cooperate

¹ The following persons can refuse to cooperate in any way:
a. anybody who is or was married to or cohabits with one of the parties;
b. anybody who has joint children with one of the parties;
c. anybody who is related to a party by blood or by marriage in the direct line of ascent or in the collateral line up to and including the third degree;
d. the foster parents, foster children and foster siblings of a party;
e. the person appointed as the guardian, counsel or advisor of one of the parties.

² A registered partnership is treated on the same footing as a marriage.

³ The stepsiblings are treated on the same footing as the siblings.

**Art. 166**   Limited right to refuse to cooperate

¹ A third party can refuse to cooperate:
a. in determining facts that would expose him/her or a person related to him/her as defined in Article 165 to criminal prosecution or liability under civil law;
b. if this would make him/her liable to prosecution for violation of a secret pursuant to Article 321 of the Penal Code; this does not apply to auditors; with the

exception of attorneys and members of the clergy, third parties must, however, cooperate if they have a duty to report or if they have been released from their obligation to maintain confidentiality, unless they can furnish prima facie evidence that the need to keep the secret is more important than the need to ascertain the truth;
c. in determining facts that were entrusted to him/her in his/her official capacity as a civil servant as defined in Article 110 paragraph 4 of the Penal Code or as a member of a public authority or which came to his/her notice while exercising his/her official duties; such a third party must, however, testify if he/she has a duty to report or if his/her superior officer has authorised him/her to testify;
d. if he/she has to testify as an ombudsman or mediator about facts that came to his/her attention during the exercise of his/her professional activities;
e. about the identity of the author or the contents and sources of his/her information if he/she is involved professionally or as an auxiliary in the publication of editorial information in a medium appearing periodically.

² Persons who are bound to guard other secrets protected by statute can refuse to cooperate if they can furnish prima facie evidence that the need to keep the secret is more important than the need to ascertain the truth.

³ The special provisions of social insurance law about the disclosure of data are reserved.

**Art. 167**   Unjustified refusal

¹ If a third party refuses to cooperate without justification, the court can:
a. impose an administrative fine of up to CHF 1,000;
b. threaten the penalties pursuant to Article 292 of the Penal Code;
c. order the enforced taking of evidence;
d. charge the costs caused by the refusal to the third party.

² The third party's failure to obey the court's order has the same consequence as an unjustified refusal to cooperate.

³ The third party can file a set-aside against the court's order.