William J. King, Esq. (Bar No. 199908)
William C. Hoggard, Esq. (Bar No. 192329)
HORIZON LAW GROUP LLP
17991 Cowan
Irvine, CA 92614
Tel.: (949) 261-2500
Fax: (949) 261-2515
Email: wking@horizonlawgroup.com

Julie A. Ault, Esq. (Bar No. 186914)
Marisa D. Poulos, Esq. (Bar No. 197904)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.: (949) 719-7212
Fax: (949) 719-7210
Email: jault@olenproperties.com
       mpoulos@olenproperties.com

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>UBS AG et al.,<br><br>      Defendants. | Case No. SACV08-01029 AG (RNBx)<br><br>**DECLARATION OF MARISA POULOS IN OPPOSITION TO MOTION OF DEFENDANT UBS AG'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING RE: MOTIONS FOR DISCOVERY SANCTIONS**<br><br>Hearing: October 11, 2011<br>Time: 9:30 a.m.<br>Dept: 6D<br><br>Discovery Cutoff: November 7, 2011<br>Pretrial Conf.: January 23, 2012<br>Trial Date: February 7, 2012 |

# DECLARATION OF MARISA POULOS

I, Marisa Poulos, declare as follows:

1. I am an attorney duly licensed to practice law before all state and federal courts of California. I am an attorney at law and one of the counsel of record for Igor Olenicoff and Olen Properties Corp. I have personal knowledge of the following, and, if called to testify, I could and would do so competently.

2. The *Ex Parte* Application for Order Shortening Time and for Hearing On UBS AG's Motion for Discovery Sanctions is so facially devoid of merit that it should be rejected out of hand. Nonetheless, because UBS AG has accused Plaintiffs of improper conduct and has requested the award of sanctions, Plaintiffs ask that it be informed by the Court that if the Court does not reject UBS AG's Application out of hand, it allow Plaintiffs to file a more detailed Opposition to the Ex Parte Application on September 19 2011 by 12:00 p.m. By way of example

3. Although this is not an exclusive list, UBS AG's Application is improper on the following grounds:

   a. UBS AG made no attempt to meet and confer with Plaintiffs prior to filing its Ex Parte Application in violation;

   b. UBS AG has made no adequate showing for the requested relief because it is based exclusively on inadmissible hearsay and the declaration of Kris Diulio does not establish 'good cause' as required by Local Rule 7-19.1;

   c. UBS AG's Application is deficient in that it does not request a specific upon which the matter is to be heard and furthermore does not state a date upon which Plaintiffs may file an Opposition;

   d. UBS AG did not make reasonable, good faith efforts to advise Plaintiffs of the date and substance of application as required by the Local Rule 7-19.1. Although the declaration of Kristopher Diulio says that he left a message at 5:30 p.m. with Julie Ault and me, UBS AG knows, or surely should know, that Olen Properties Corp. closes its office at 5:00 p.m.

        Had counsel wanted to make a reasonable attempt to provide notice, he would have provided an e-mail, which UBS AG apparently recognized when it sent written notice by e-mail at 10:58 p.m. last evening. A true and correct copy of the e-mail from Dean Kitchens purporting to provide such notice is attached hereto as Exhibit "A:. UBS AG can provide absolutely no justification whatsoever why such e-mail was sent in addition to the voicemail message notice.

e.    Finally, there is an abundant amount of evidence that Plaintiffs can offer to this Court in opposition to the application and motion for discovery sanctions that support Plaintiffs position that UBS AG has made blatant misrepresentations of actual events that have transpired over the last two days. By way of example, attached hereto as Exhibit "B" is a true and correct copy of the declaration of Martin Dak. Mr. Dak is counsel for Steve Newman, one of the third parties that was served with a Rule 45 subpoena by UBS AG. Mr. Dak prepared his own declaration and sent it to me, after I provided him with a copy of the *Ex Parte* application and supporting documents filed by UBS AG last night.

4.    The instant *Ex Parte* application is not supported by any declaration establishing good cause. It is clear that this *Ex Parte* application and underlying motion have been brought with the intent to discredit Plaintiffs counsel, overpower Plaintiff's current legal representation and gain a tactical advantage prior to new counsel's appearance in the case. It is imperative to the interests of justice that Plaintiff's be afforded the opportunity to be heard on these an all issues.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct this 16 day of September, 2011.

_Marisa Pouls_ (signature)
Marisa Poulos

OPPOSITION TO MOTION OF DEFENDANT UBS AG FOR ORDER SHORTENING TIME

2869239.1



## Eileen Miller

| | |
|---|---|
| **From:** | Kitchens, Dean J. [DKitchens@gibsondunn.com] |
| **Sent:** | Thursday, September 15, 2011 10:18 PM |
| **To:** | drovens@rovenslamb.com; mmagnuson@omm.com; Diulio, Kristopher P.; jsanders@sandersroberts.com; cline@johndclinelaw.com; laura@bslaw.net; slamb@rovenslamb.com; myoder@omm.com |
| **Cc:** | Julie Ault; Marisa Poulos; William King; Tom Newmeyer; Eber, Lauren A.; Myles, Mary Beth |
| **Subject:** | RE: OLENICOFF V. UBS AG, ET AL. |

This e mail is to give notice of our intent to file an ex parte application for an expedited hearing on our motion for sanctions against Plaintiffs and their counsel for discovery abuse. We are asking that the motion be heard as soon as possible. The motion seeks the following relief:

1.      Counsel for Plaintiffs shall immediately comply with the Court's order requiring the production of Plaintiffs' tax returns and Plaintiffs shall immediately demand that Plaintiffs' accountant, Mr. Newman, produce to UBS AG Plaintiffs' complete 1998 through 2008 tax returns within 7 days, and Plaintiffs shall serve a copy of that demand on all counsel.
2.      Counsel for Plaintiffs shall cease interference with the production of documents by third parties and shall inform Hochman, Fulbright, and Mr. Newman immediately, in writing, that Plaintiffs do not object to the third parties production of documents, and Plaintiffs shall serve a copy of that letter on all counsel.
3.      Counsel for Plaintiffs shall show cause why they should not reimburse UBS AG for the fees and costs incurred in seeking the production of documents from third parties.
4.      Counsel for Plaintiffs shall show cause why they should not reimburse UBS AG for the fees and costs incurred in attempting to schedule the depositions of Igor Olenicoff and Steve Jacoby, and to compel their attendance at deposition.
5.      Counsel for Plaintiffs shall show cause they should not reimburse UBS AG for the fees and costs incurred in this motion for sanctions.
6.      For such other and further relief as the Court deems proper for the false representation made to this Court by Ms. Ault and the interference in the discovery process by Ms. Poulos.

The application and the motion will be filed this evening.

Please let me know if you oppose the motion.
**Dean J. Kitchens**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7416 • Fax +1 213.229.6416
DKitchens@gibsondunn.com • www.gibsondunn.com

---

**From:** Kitchens, Dean J.
**Sent:** Thursday, September 15, 2011 12:56 PM
**To:** drovens@rovenslamb.com; mmagnuson@omm.com; Diulio, Kristopher P.; jsanders@sandersroberts.com; cline@johndclinelaw.com; laura@bslaw.net; Steve Lamb (slamb@rovenslamb.com); myoder@omm.com
**Cc:** Julie Ault; Marisa Poulos; William King; Tom Newmeyer (Tom.Newmeyer@ndlf.com); Eber, Lauren A.; Myles, Mary Beth
**Subject:** RE: OLENICOFF V. UBS AG, ET AL.

*For the benefit of those who did not attend the conference before Magistrate Judge Block yesterday, the following is the text of the agreed upon narrowing of the scope of the third party subpoenas referenced in paragraph 4 of the attached order:*

1

All communications, agreements, settlements, or contracts, including but not limited to the Plea Agreement, from 2003 through 2008, between Plaintiffs or their counsel, on the one hand, and the IRS or DOJ, on the other hand.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.



EXHIBIT B

## DECLARATION OF MARTIN E. DACK

I, Martin E. Dack, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner at Dack Marasigan, LLP, the attorneys for Stephen L. Newman, an Accountancy Corporation ("Newman"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This declaration is submitted in support of Newman's Objections to Defendant UBS AG's subpoena.

2. On the morning of September 16, 2011, I received via email a copy of UBS AG's Notice of Motion for Discovery sanctions and Order to Show Cause Regarding Sanctions, and its supporting documents. On page 6, lines 4-5 of the Motion, Defendant states that "Newman has not produced any documents in response to UBS AG's subpoena." The Motion further states on page 6, lines 6-10, that Defendant seeks an order "to inform Newman, in writing, that Plaintiff's do not object to Mr. Newman's production of Plaintiff's tax returns to UBS AG and that Plaintiffs be ordered to demand that Mr. Newman produce the complete tax returns to UBS AG within 7 days." Newman has never outright "refused" to produce documents. Newman timely objected to the subpoena on September 7, 2011.

3. Newman was forced to serve objections to the subpoena after our discussions did not result in an agreement to continue the production date of October 25, 2011 to resolve Newman's problems with complying with the subpoena during the current tax season and his heavy workload relating to upcoming tax deadlines. I served Newman's objections to the subpoena on Mr. Diulio on September 7, 2011. These objections also include ones based upon the fact that Newman was also engaged by Plaintiff's tax attorneys as a consulting expert in connection with litigation concerning tax returns A true and correct copy of Newman's Objections are attached as Exhibit"1" t this declaration and incorporated herein by this reference.

4. I have spoken to both Marisa Poulos, attorney for plaintiffs, and Kristopher

DECLARATION OF MARTIN E. DACK

Dilulio, attorney for defendant. I have never spoken to any other attorneys for plaintiffs other than Ms. Poulos. Marisa Poulos has never demanded, requested, or even suggested to me, that Newman refuse to produce responsive documents or comply with the subpoena. Newman has objected to the subpoena for very specific reasons which were all discussed with Kristopher Diulio during several telephone calls beginning on August 26, 2011.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed September 16, 2011, at Laguna Hills, California.

Martin E. Dack

2

DECLARATION OF MARTIN E. DACK

**EXHIBIT 1**

MARTIN E. DACK (Bar No. 196068)
JAYSON Q. MARASIGAN (Bar No. 227225)
DACK MARASIGAN, LLP
23041 Avenida de la Carlota, Suite 300
Laguna Hills, California 92653
Telephone: (949) 206-9848
Facsimile: (949) 206-9851

Attorneys for Non-Party Steven L. Newman,
An Accountancy Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF, et al., <br><br> Plaintiffs, <br> vs. <br> UBS AG, et al., <br><br> Defendants. | CASE NO. 8:08-cv-01029-AG (RNBx) <br><br> **NON-PARTY STEPHEN L. NEWMAN, AN ACCOUNTANCY CORP.'S WRITTEN OBJECTIONS TO DEFENDANT UBS AG'S SUBPOENA** <br><br> Judge: Andrew J. Guilford <br> Magistrate Judge: Robert N. Block |

**TO ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), non-party Stephen L. Newman, an Accountancy Corporation ("Newman") serves these written objections to the Subpoena To Produce Documents, Information or Objects or To Permit Inspection of Premises in a Civil Action (the "Subpoena") served by email on Newman by Defendant UBS AG ("UBS") on August 24, 2011. The Subpoena was issued in connection with litigation pending in California, styled "*Igor Olenicoff, et al. v. UBS AG, et al.*, Case No. 8:08-cv-01029-AG (RNBx), in the United States District Court for the Central District of California, Southern Division (the "Action").

## GENERAL OBJECTIONS

Newman makes these general objections (the "General Objections") to each of the six (6) requests for documents contained in the Subpoena (the "Requests") and the

1

Subpoena as a whole. The General Objections are hereby incorporated by reference into the response made with respect to each separate category of documents sought by the Subpoena.

1. Newman objects to the Requests to the extent that they seek information that is neither relevant to the subject matter of the Action, nor reasonably calculated to lead to the discovery of admissible evidence in that litigation.

2. Newman objects to each and every one of the Requests contained in the Subpoena as overbroad because they are not limited to a reasonable time period. The Subpoena purports to seek production of documents, including electronically stored information ("ESI"), from 1998 to 2008. Searching for and producing responsive documents for this lengthy period of time would cause Newman, a non-party to the Action, to incur significant expense and would be extremely burdensome, especially because Newman is an accountancy corporation and the Subpoena was served, and requires a response, during a peak tax season.

3. Newman objects to each and every one of the Requests contained in the Subpoena to the extent they purport to require Newman to produce documents not in its possession, custody or control.

4. Newman objects to each and every one of the Requests contained in the Subpoena to the extent they purport to require Newman to produce documents concerning any confidential communications made for the purpose of facilitating the rendition of professional legal services, and protected from discovery by the attorney-client privilege and attorney work product doctrine.

5. Newman objects to each and every one of the Requests contained in the Subpoena to the extent they purport to seek discovery of attorney work product as exempt from discovery pursuant to the work product doctrine.

6. Newman objects to each and every one of the Requests contained in the Subpoena as unduly burdensome and oppressive, and beyond the scope of permissible discovery in the Action, to the extent they purport to impose on Newman an obligation not

required by the Federal Rules of Civil Procedure and requests production within an unreasonable period of time. The party issuing a subpoena must take steps "to avoid imposing undue burden or expense on a person subject to the subpoena."

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Newman objects to the requirements that it produce originals of any document requested as unduly burdensome to the extent it purports to impose upon Newman an obligation not required by the Federal Rules of Civil Procedure.

2. Newman objects to "control" as used in the definition of "YOU" and "YOUR" as vague and ambiguous and therefore overly broad.

3. Newman objects to the instruction requiring Newman to produce documents in the possession of its former employees, agents, representatives, accountants, consultants, attorneys, and predecessors or successors in interest.

4. Newman objects to "attorneys" as used in the definition of "OLENICOFF" and "OLEN PROPERTIES" on the grounds that it purports to compel production of materials subject to protection from discovery under applicable privileges, including the attorney work product doctrine and attorney-client privilege, and therefore, is overly broad.

5. Newman objects to "conversations" as used in the definition of "COMMUNICATION" on the grounds that it purports to compel production of materials subject to protection from discovery under applicable privileges, including the attorney work product doctrine and attorney-client privilege, and therefore, is overly broad.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiver of protections afforded Newman under Federal Rule of Civil Procedure 45(c)(1) and all of the above General Objections and Objections to Definitions and Instructions which are specifically incorporated herein and applicable to each request below Newman objects as follows:

**REQUEST NO. 1**

All COMMUNICATIONS with the United States Internal Revenue Service CONCERNING the tax returns or tax liability of OLENICOFF or OLEN PROPERTIES.

## RESPONSE TO REQUEST NO. 1

Newman objects to this request as overbroad and unduly burdensome. Igor Olenicoff and Olenicoff Properties are clients of Newman. Newman was also engaged by Igor Olenicoff's and Olenicoff Properties' attorneys, Fulbright & Jaworski, L.L.P., to serve as a consulting expert in connection with litigation concerning tax returns. This request, on its face, compels a searching inquiry of all documentation and files generated during Newman's engagement of these clients. The volume of paper files generated for these engagements exceed tens of thousands of pages of documents. The documents responsive to the request are located in three separate locations, in-office and two storage facilities, and would take at least 10 days to assemble, review, segregate and copy. ESI volumes have not been calculated, but Newman anticipates that the ESI volumes for these engagements may match the volume for paper estimates. This request, as drafted, would require an individual review of the paper files for potentially responsive communications and would also require a review of ESI volumes. Additional effort would be required to extract privileged materials, so as to protect against any inadvertent production of attorney work-product and attorney-client communications or matters beyond reach of the subpoena. What is more, Newman is in the midst of preparing over 100 corporate returns which are due on September 15, 2011, the final extension date for these clients. If Newman were to fail to timely prepare these returns and submit them to his clients by the required due date of the clients, as well as Newman's own due date for filing, Newman and his clients could be subject to substantial penalties and interest assessments for failing to timely file the returns. Newman is also committed to prepare over 75 personal returns. These returns are due on or before October 15, 2011. If Newman failed to prepare and timely submit these returns to its clients for timely filing, the clients and Newman could be subject to substantial penalties and interest assessments. The compilation of data incident to preparing the corporate and individual tax returns described herein, and the preparation and finalizing of the returns, will consume all of Newman's resources and time until after October 15, 2011. The costs associated with these efforts would be substantial

1  and would impose an undue burden and expense on Newman, a non-party.

2  **REQUEST NO. 2**

3  All COMMUNICATIONS with the United States Department of Justice
4  CONCERNING the tax returns or tax liability of OLENICOFF or OLEN PROPERTIES.

5  **RESPONSE TO REQUEST NO. 2**

6  Newman objects to this request for the same reasons specified in Newman's
7  objections to Request No. 1 above, which is incorporated herein by reference.

8  **REQUEST NO. 3**

9  All agreements, settlements, or contracts between OLENICOFF or OLEN
10 PROPERTIES and the United States Internal Revenue Service.

11 **RESPONSE TO REQUEST NO. 3**

12 Newman objects to this request for the same reasons specified in Newman's
13 objections to Request No. 1 above, which is incorporated herein by reference.

14 **REQUEST NO. 4**

15 All agreements, settlements, or contracts between OLENICOFF or OLEN
16 PROPERTIES and the United States Department of Justice.

17 **RESPONSE TO REQUEST NO. 4**

18 Newman objects to this request for the same reasons specified in Newman's
19 objections to Request No. 1 above, which is incorporated herein by reference.

20 **REQUEST NO. 5**

21 Copies of state and federal tax returns for OLENICOFF, including all schedules,
22 attachments, and any amended returns, for tax years 1998 through 2008.

23 **RESPONSE TO REQUEST NO. 5**

24 Newman objects to this request for the same reasons specified in Newman's
25 objections to Request No. 1 above, which is incorporated herein by reference.

26 **REQUEST NO. 6**

27 Copies of state and federal tax returns for OLEN PROPERTIES, including all
28 schedules, attachments, and any amended returns, for tax years 1998 through 2008.

**RESPONSE TO REQUEST NO. 6**

Newman objects to this request for the same reasons specified in Newman's objections to Request No. 1 above, which is incorporated herein by reference.

DATED: September 7, 2011

DACK MARASIGAN, LLP
MARTIN E. DACK
JAYSON Q. MARASIGAN

By: _____
MARTIN E. DACK
Attorneys for Non-Party Stephen L. Newman,
An Accountancy Corporation

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing document was sent in accordance with Fed. R. Civ. P. 5(b) to the following attorney designated in the subpoena pursuant to Fed. R. Civ. P. 45 (c)(2)(B) via electronic and regular mail on this 7th day of September, 2011.

Kristopher P. Diulio

GIBSON, DUNN & CRUTCHER LLP

3161 Michelson Drive

Irvine, California 92612

kdiulio@gibsondunn.com

Attorney for Defendant UBS AG

Martin E. Dack, Esq.

1