William J. King, Esq. (Bar No. 199908)
William C. Hoggard, Esq. (Bar No. 192329)
HORIZON LAW GROUP LLP
17991 Cowan
Irvine, CA 92614
Tel.:  (949) 261-2500
Fax:   (949) 261-2515
Email:    wking@horizonlawgroup.com

Julie A. Ault, Esq. (Bar No. 186914)
Marisa D. Poulos, Esq. (Bar No. 197904)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:  (949) 719-7212
Fax:   (949) 719-7210
Email:    jault@olenproperties.com
          mpoulos@olenproperties.com

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UBS AG et al.,<br><br>　　　　Defendants. | Case No. SACV08-01029 AG (RNBx)<br><br>**DECLARATION OF JULIE A. AULT IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL DATE AND AMENDMENT OF SCHEDULING ORDER**<br><br>*(Filed Concurrently with Notice of Motion and Motion For Continuance Of Trial Date And Amendment Of Scheduling Order, Declarations of Igor Olenicoff, William J. King and Francis E. Quinlan)*<br><br>Hearing:  October 17, 2011<br>Time:     10:00 a.m.<br>Dept:     10D<br><br>Discovery Cutoff: November 7, 2011<br>Pretrial Conf.:   January 23, 2012<br>Trial Date:       February 7, 2012 |

2868669.1

DECLARATION OF JULIE A. AULT

# DECLARATION OF JULIE A. AULT

I, Julie A. Ault, declare as follows:

1. I am an attorney duly licensed to practice law before all state and federal courts of California. I am an attorney at law and one of the counsel of record for Igor Olenicoff and Olen Properties Corp. I have personal knowledge of the following, and, if called to testify, I could and would do so competently.

2. Defendants' requested in September 2010 that no depositions be taken until all of the document issues were resolved. Plaintiffs agreed because the time limitations imposed by the Federal Rules of Civil Procedure governing the conduct of depositions, the complexities of this case, and the fact that deponents reside in foreign countries or other States made it critical that the documents precede depositions. If the requested continuance is not granted, the benefits of this agreement cannot be obtained. Indeed, UBS AG has abandoned this agreement and is going forward with the depositions it recently noticed, while withholding the very documents necessary for Plaintiffs to conduct their own. UBS AG has set depositions for the following representatives of Olen Properties Corp.: Steven Jacoby (September 23, 2011); Igor Olenicoff (originally noticed for September 27, 2011 and September 29, 2011; to be rescheduled for dates to be determined the week of October 3, 2011); Dale Lyon (October 5, 2011); and Jane Taylor (October 7, 2011). Plaintiffs will be severely prejudiced if they are forced to start depositions because of the upcoming discovery cut-off, then wait for a ruling on its demands for documents to see if it can conduct the depositions again.

3. I was present on September 14, 2011, when counsel for UBS AG and Plaintiffs appeared in front of the Honorable Robert N. Block on an issue concerning third party subpoenas. Judge Block brought up Plaintiffs' Motion to Compel UBS's production of documents and expressed his frustration that such a massive motion had been presented to him. He openly stated he was considering suggesting the appointment of a discovery referee. UBS AG told the Court that its

2868669.1 - 1 - DECLARATION OF JULIE A. AULT

1  September 2, 2011 production had rendered many issues moot because it had
2  produced all documents as to certain requests; a position Plaintiffs denied. Based
3  on UBS AG's representation, the Court announced its decision to take Plaintiffs'
4  Motion to Compel off calendar and ordered the parties back to Court on October 4,
5  2011 to meet and confer once again on the issues raised by in that Motion. In
6  advance, UBS AG is to inform Plaintiffs, by Bates number, which documents in its
7  September 2, 2011 production apply to which specific request. In this manner, it
8  can be determined to which specific request UBS AG has purportedly complied.

9      4.  The issue of the discovery cut-off and this Motion to Continue were
10 then raised. Judge Block stated he understood the significance of resolving
11 document issues before taking depositions in light of the limitations imposed by the
12 Federal Rules of Civil Procedure (and told Plaintiffs they were free to reference
13 such in this Motion) but that modifying the trial and discovery schedule was for the
14 Trial Court.

15     5.  The bottom line is that Plaintiffs still do not have documents essential
16 to their preparation for taking depositions and preparing for trial and have no clear
17 date as to when such documents will be forthcoming. Without a continuance of the
18 trial date and discovery cut-off, Plaintiffs will be severely prejudiced as a direct
19 result of Defendants' intentional discovery misconduct.

20     6.  On September 2, 2011, the Friday before a holiday weekend and just
21 four calendar days before Plaintiffs' opposition to SES's motion for summary
22 judgment was due, UBS AG produced a disc containing in excess of 7,300 pages of
23 documents, on the same date that its counsel identified UBS AG's person most
24 knowledgeable ("PMK") to be Christoph Kurth, a name that UBS AG had never
25 mentioned as a potential witness or listed in its Rule 26 Initial Disclosure. UBS AG
26 apparently was taking the position that those documents were sufficient to have the
27 deposition of UBS AG's PMK go forward on September 15, 2011. For Plaintiffs to
28 review those documents in light of other matters going on in this case, in a manner

1  to properly conduct the deposition, would not have been possible. Furthermore, the
2  documents that were truly needed were not part of the production and have yet to be
3  produced. Plaintiffs' suggestion to move the September 15, 2011, deposition of
4  Mr. Kurth was opposed by UBS AG. Stating that UBS AG had gone to
5  "extraordinary" efforts to arrange for the deposition of Mr. Kurth, a person only
6  identified on September 2, 2011, UBS AG stated "now is your opportunity."
7  (E-mail chain of September 9-10, 2011, a true and correct copy of which is attached
8  hereto as Exhibit V.)

9      7.    At that time, Plaintiffs believed that they would have a ruling on their
10 Motion to Compel on October 4, 2011. Accordingly, I caused to be served a Notice
11 of Continuance of the Deposition of UBS AG, setting a new date of October 18,
12 2011. This date was based upon the belief that Plaintiffs would receive a ruling on
13 their Motion to Compel on October 4, 2011. Allowing 10 days for UBS AG to
14 produce the documents, the earliest date to continue the deposition was October 18,
15 2011. Even that date, however, would have been questionable since it would not
16 have allowed Plaintiffs to review documents, but was necessitated by the discovery
17 cut-off. UBS AG quickly responded that Kurth and Kitchens were not available on
18 October 18, 2011 and that UBS AG would not produce him again in Los Angeles.

19     8.    Plaintiffs are well aware of the burdens placed on the Court to manage
20 its calendar and keep matters moving. Plaintiffs have brought the instant motion as
21 soon as possible (pursuant to discussions before Judge Block on September 14,
22 2011) in an effort to avoid causing inconvenience to the Court. Plaintiffs can only
23 assure the Court that the requested continuance will actually lessen the burden on
24 the Court by making sure that all of the relevant evidence is obtained such that it
25 will be able to present a much more streamlined case to the jury for its
26 determination.
27 ///
28 ///

9. By separate ex parte, Plaintiffs are asking that Motion be heard on an expedited basis so that a decision can be reached as swiftly as possible to transition to new counsel immediately and minimize any potential discovery delays.

10. In addition to the notices sent by Plaintiffs' co-counsel, William King, on September 9, 2011, I also notified all parties' counsel by e-mail on September 9, 2011 of Plaintiffs' intent to seek a continuance of trial and corresponding amendment of the Scheduling Order, explaining the reasons for the requested continuances in more detail. On September 13, 2011, I realized that counsel for Defendant Birkenfeld was inadvertently left off the September 9, 2011 e-mail communication, at which time I promptly forwarded the same email notification to Mr. Cline. All parties advised me that they would oppose such a request. (True and correct copies of those e-mail correspondences are attached collectively hereto at Exhibit W.)

11. As agreed in the presence of Judge Block on September 14, 2011,[1] this Motion and the corresponding Ex Parte Application to Shorten Time on Motion to Continue Trial and Amend Scheduling Order and for an Order Staying Discovery Pending Ruling on the Motion is being filed on or before September 19, 2011.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct this ___ day of September, 2011.

_____
Julie A. Ault

---

[1] See Docket No. 490.

**EXHIBIT "V"**

| | |
|---|---|
| **From:** | Kitchens, Dean J. [DKitchens@gibsondunn.com] |
| **Sent:** | Saturday, September 10, 2011 9:54 AM |
| **To:** | Julie Ault; William King; Magnuson, Molly; Rovens, Douglas J.; Justin H. Sanders; Laura Brys; myoder@omm.com; Steve Lamb (slamb@rovenslamb.com) |
| **Cc:** | Marisa Poulos |
| **Subject:** | RE: Olenicoff/UBS |

Julie,

Needless to say, we disagree with your version of the facts. We agreed to bring our witness from Singapore to Los Angeles on the date of your choosing, and now you don't want to proceed. I know that neither he nor I are available on October 18, so that won't work, nor are we willing to bring him to Los Angeles for the deposition. That was a courtesy to you and we feel you abused it by canceling the deposition at the last minute after all the travel plans were arranged.

Also, as you know, we have long tried to schedule Olenicoff's deposition and have been very accommodating to you in that process. You many false starts, you picked September 27 for his deposition and now you say you don't want to go forward on that day. We will ask the court to require him to appear on September 27, so you and he should plan accordingly.

Finally, we will not agree to a discovery stay or to continue the trial. You brought this case years ago, and we see no reason for another delay from your side.

Dean


**Dean J. Kitchens**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7416 • Fax +1 213.229.6416
DKitchens@gibsondunn.com • www.gibsondunn.com

---

**From:** Julie Ault [mailto:JAult@olenproperties.com]
**Sent:** Friday, September 09, 2011 5:24 PM
**To:** Kitchens, Dean J.; William King; Magnuson, Molly; Rovens, Douglas J.; Justin H. Sanders; Laura Brys
**Cc:** Marisa Poulos
**Subject:** RE: Olenicoff/UBS

Dean,

     I am presuming you are in receipt of a copy notice of the continuance of the deposition of UBS AG setting a date of October 18, 2011, sent earlier today by my paralegal Eileen Miller.   The last minute delivery of the approximately 7,300 documents to Bill King's office on Friday, September 2, 2011 (the first day you identified Mr. Kurth as UBS AG's PMK) made clear that despite the volume of documents which should have been produced months ago, UBS AG still has not complied with the original request for production of documents served last year, and that a motion to continue was required.  Bill King is filing that motion today and setting a hearing for October 4, 2011. Allowing 10 days for UBS AG to produce the additional required documents, the earliest date that we can continue the deposition to is October 18, 2011.

P-6

   Bill raised with you our intent to request a continuance of the trial date. He informed me that your initial inclination was to decline. The purpose of the continuance is twofold. One, given the unreasonable delays that various parties have engaged in in producing documents, making meaningful depositions impossible, as well as other discovery abuses, a continuance is needed. A separate and independent basis for continuing the trial is that plaintiffs need to retain new trial counsel. Tom Newmeyer and Frank Quinlan of Newmeyer & Dillion LLP have agreed to substitute in as counsel for plaintiffs provided that a continuance is obtained. In order to have that issue decided as quickly as possible, we will be making an ex parte application next week for an order shortening time on a motion to continue the trial and amend the scheduling order.

   By copying all counsel on the e-mail, I request that all parties agree to stay all discovery until the motion is decided. If an agreement is not reached, we will request such a stay at the ex parte hearing. Since we will not know the ruling of the court prior to the scheduled deposition of Steven Jacoby set for September 14, 2011, we will not be producing him on that date. Also, Mr. Olenicoff is no longer available on September 27, 2011 and his deposition will need to be rescheduled.

**Julie A. Ault, Esq.**
General Counsel
Olen
7 Corporate Plaza
NEWPORT BEACH, CA 92660
(949) 719-7212
(949) 719-7210 fax
jault@olenproperties.com
www.olenproperties.com

---

**From:** Kitchens, Dean J. [mailto:DKitchens@gibsondunn.com]
**Sent:** Friday, September 09, 2011 11:57 AM
**To:** William King
**Cc:** Julie Ault; Marisa Poulos
**Subject:** RE: Olenicoff/UBS

1. Marisa and Julie: Please let me know when we can have this meet and confer.

2. Bill: I am not sure where this leaves us on the Kurth deposition set for the 15th. Our position is that you set it on the 15th and we have made extraordinary efforts to bring him to Los Angeles, so now is your opportunity. If you are not intending to show up for the deposition you noticed, please tell me now.

Thank you.

**Dean J. Kitchens**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7416 • Fax +1 213.229.6416
DKitchens@gibsondunn.com • www.gibsondunn.com

---

**From:** William King [mailto:WKing@horizonlawgroup.com]

**Sent:** Friday, September 09, 2011 11:43 AM
**To:** Kitchens, Dean J.
**Cc:** Julie Ault; Marisa Poulos
**Subject:** RE: Olenicoff/UBS

Dean:

I will have to defer to Ms. Ault and Ms. Poulos regarding the meet and confer on the motion to quash.

On the second issue, I don't recall specifically "insisting" that the deposition occur on the 15th as you stated below and during our conversation. I do recall stating that we served the subpoena because your office failed to provide us with any dates despite numerous requests and despite originally advising us that Michel Guignard was going to be the PMK. As with all of the other depositions we've discussed, we would have been flexible if Mr. Kurth needed to move the date within a different time period from the 15th. As I stated on the phone, Plaintiffs may continue the deposition based on your representation that you may or may not allow a second day for Mr. Kurth's deposition if we were to take it on the 15th and then seek the obvious second day that would be required due to the fact that we only received the 7300 documents on Thursday and UBS continues to refuse to produce numerous categories of other documents that we are sure Judge Block will compel. The best solution is to have Mr. Kurth's deposition continued until after the motion to compel is heard and the motion to continue trial. As it stands now, though, you have indicated that UBS is not agreeable to either continuance.

Very truly yours,

Bill

---

**From:** Kitchens, Dean J. [mailto:DKitchens@gibsondunn.com]
**Sent:** Friday, September 09, 2011 10:27 AM
**To:** William King
**Subject:** Olenicoff/UBS

Bill,

I want to raise two issues with you.

First, as you know we are awaiting the production of documents from third parties. You filed a motion to quash the subpoenas which was denied on September 6 with an order that we meet and confer on the motion. I would like to arrange that meeting as soon as possible – today if possible and, if not, then on Monday.

Second, you told me this morning that you may not take the deposition of Christoph Kurth on September 15. Of course, you had earlier insisted on that date and insisted that the deposition be in Los Angeles. We have gone to extreme lengths to comply with that request, and Mr. Kurth is scheduled to fly from Singapore shortly to be prepared and then presented for deposition on September 15. As I said to you on the phone, this is the time and place on which you insisted and now is your opportunity to take the deposition.

Dean

**Dean J. Kitchens**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7416 • Fax +1 213.229.6416
DKitchens@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**EXHIBIT "W"**

## Julie Ault

**From:** Julie Ault
**Sent:** Friday, September 09, 2011 5:24 PM
**To:** 'Kitchens, Dean J.'; William King; 'Magnuson, Molly'; 'Rovens, Douglas J.'; 'Justin H. Sanders'; 'Laura Brys'
**Cc:** Marisa Poulos
**Subject:** RE: Olenicoff/UBS

Dean,

    I am presuming you are in receipt of a copy notice of the continuance of the deposition of UBS AG setting a date of October 18, 2011, sent earlier today by my paralegal Eileen Miller. The last minute delivery of the approximately 7,300 documents to Bill King's office on Friday, September 2, 2011 (the first day you identified Mr. Kurth as UBS AG's PMK) made clear that despite the volume of documents which should have been produced months ago, UBS AG still has not complied with the original request for production of documents served last year, and that a motion to continue was required. Bill King is filing that motion today and setting a hearing for October 4, 2011. Allowing 10 days for UBS AG to produce the additional required documents, the earliest date that we can continue the deposition to is October 18, 2011.

    Bill raised with you our intent to request a continuance of the trial date. He informed me that your initial inclination was to decline. The purpose of the continuance is twofold. One, given the unreasonable delays that various parties have engaged in in producing documents, making meaningful depositions impossible, as well as other discovery abuses, a continuance is needed. A separate and independent basis for continuing the trial is that plaintiffs need to retain new trial counsel. Tom Newmeyer and Frank Quinlan of Newmeyer & Dillion LLP have agreed to substitute in as counsel for plaintiffs provided that a continuance is obtained. In order to have that issue decided as quickly as possible, we will be making an ex parte application next week for an order shortening time on a motion to continue the trial and amend the scheduling order.

    By copying all counsel on the e-mail, I request that all parties agree to stay all discovery until the motion is decided. If an agreement is not reached, we will request such a stay at the ex parte hearing. Since we will not know the ruling of the court prior to the scheduled deposition of Steven Jacoby set for September 14, 2011, we will not be producing him on that date. Also, Mr. Olenicoff is no longer available on September 27, 2011 and his deposition will need to be rescheduled.

**Julie A. Ault, Esq.**
General Counsel
Olen
7 Corporate Plaza
NEWPORT BEACH, CA 92660
(949) 719-7212
(949) 719-7210 fax
jault@olenproperties.com
www.olenproperties.com

**From:** Kitchens, Dean J. [mailto:DKitchens@gibsondunn.com]
**Sent:** Friday, September 09, 2011 11:57 AM
**To:** William King
**Cc:** Julie Ault; Marisa Poulos
**Subject:** RE: Olenicoff/UBS

1

P-11

**Julie Ault**

**From:** Julie Ault
**Sent:** Tuesday, September 13, 2011 2:10 PM
**To:** 'John Cline'; kcm@kcmaxlaw.com
**Cc:** William King; Marisa Poulos
**Subject:** FW: Olenicoff/UBS

John,
It appears you are not in the group email that I started on Friday and to which Molly replied a short time ago. Please accept my apologies as your lack of inclusion was an oversight on my part late on a Friday. There has been no reply from Kris Diulio to her inquiry

**Julie A. Ault, Esq.**
General Counsel
Olen
7 Corporate Plaza
NEWPORT BEACH, CA 92660
(949) 719-7212
(949) 719-7210 fax
jault@olenproperties.com
www.olenproperties.com

**From:** Magnuson, Molly [mailto:mmagnuson@omm.com]
**Sent:** Tuesday, September 13, 2011 1:30 PM
**To:** Julie Ault; Kitchens, Dean J.; Diulio, Kristopher P.
**Cc:** Marisa Poulos; William King; Rovens, Douglas J.; Justin H. Sanders; Laura Brys
**Subject:** RE: Olenicoff/UBS

Counsel:

Can you please confirm whether Mr. Jacoby's deposition is going forward tomorrow at Gibson's office, as noticed.

Thanks,
Molly

**From:** Julie Ault [mailto:JAult@olenproperties.com]
**Sent:** Friday, September 09, 2011 5:24 PM
**To:** Kitchens, Dean J.; William King; Magnuson, Molly; Rovens, Douglas J.; Justin H. Sanders; Laura Brys
**Cc:** Marisa Poulos
**Subject:** RE: Olenicoff/UBS

Dean,

    I am presuming you are in receipt of a copy notice of the continuance of the deposition of UBS AG setting a date of October 18, 2011, sent earlier today by my paralegal Eileen Miller. The last minute delivery of the approximately 7,300 documents to Bill King's office on Friday, September 2, 2011 (the first day you identified Mr. Kurth as UBS AG's PMK) made clear that despite the volume of documents which should have been produced months ago, UBS AG still has not complied with the original request for production of documents served last year, and that a motion to continue was required. Bill King is filing that motion today and setting a hearing for October 4, 2011. Allowing 10 days for UBS AG to produce the additional required documents, the earliest date that we can continue the deposition to is October 18, 2011.

1

    Bill raised with you our intent to request a continuance of the trial date. He informed me that your initial inclination was to decline. The purpose of the continuance is twofold. One, given the unreasonable delays that various parties have engaged in in producing documents, making meaningful depositions impossible, as well as other discovery abuses, a continuance is needed. A separate and independent basis for continuing the trial is that plaintiffs need to retain new trial counsel. Tom Newmeyer and Frank Quinlan of Newmeyer & Dillion LLP have agreed to substitute in as counsel for plaintiffs provided that a continuance is obtained. In order to have that issue decided as quickly as possible, we will be making an ex parte application next week for an order shortening time on a motion to continue the trial and amend the scheduling order.

    By copying all counsel on the e-mail, I request that all parties agree to stay all discovery until the motion is decided. If an agreement is not reached, we will request such a stay at the ex parte hearing. Since we will not know the ruling of the court prior to the scheduled deposition of Steven Jacoby set for September 14, 2011, we will not be producing him on that date. Also, Mr. Olenicoff is no longer available on September 27, 2011 and his deposition will need to be rescheduled.

**Julie A. Ault, Esq.**
General Counsel
Olen
7 Corporate Plaza
NEWPORT BEACH, CA 92660
(949) 719-7212
(949) 719-7210 fax
jault@olenproperties.com
www.olenproperties.com

**From:** Kitchens, Dean J. [mailto:DKitchens@gibsondunn.com]
**Sent:** Friday, September 09, 2011 11:57 AM
**To:** William King
**Cc:** Julie Ault; Marisa Poulos
**Subject:** RE: Olenicoff/UBS

1. Marisa and Julie: Please let me know when we can have this meet and confer.

2. Bill: I am not sure where this leaves us on the Kurth deposition set for the 15th. Our position is that you set it on the 15th and we have made extraordinary efforts to bring him to Los Angeles, so now is your opportunity. If you are not intending to show up for the deposition you noticed, please tell me now.

Thank you.

**Dean J. Kitchens**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7416 • Fax +1 213.229.6416
DKitchens@gibsondunn.com • www.gibsondunn.com

**From:** William King [mailto:WKing@horizonlawgroup.com]
**Sent:** Friday, September 09, 2011 11:43 AM

2