William J. King, Esq. (Bar No. 199908)
William C. Hoggard, Esq. (Bar No. 192329)
HORIZON LAW GROUP LLP
17991 Cowan
Irvine, CA 92614
Tel.: (949) 261-2500
Fax: (949) 261-2515
Email: wking@horizonlawgroup.com

Julie A. Ault, Esq. (Bar No. 186914)
Marisa D. Poulos, Esq. (Bar No. 197904)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.: (949) 719-7212
Fax: (949) 719-7210
Email: jault@olenproperties.com
         mpoulos@olenproperties.com

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF et al.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>UBS AG et al.,<br><br>                    Defendants. | Case No. SACV08-01029 AG (RNBx)<br><br>**DECLARATION OF IGOR OLENICOFF IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL DATE AND REVISION OF SCHEDULING ORDER**<br><br>*(Filed Concurrently with Notice of Motion and Motion For Continuance Of Trial Date And Revision Of Scheduling Order Declarations of Julie A. Ault, William King and Francis E. Quinlan)*<br><br>Hearing:<br>Time:     10:00 a.m.<br>Dept:      10D<br><br>Discovery Cutoff: November 7, 2011<br>Pretrial Conf.:      January 23, 2012<br>Trial Date:              February 7, 2012 |

2863801.1                                                                 DECLARATION OF IGOR OLENICOFF

# DECLARATION OF IGOR OLENICOFF

I, Igor Olenicoff, declare as follows:

1. I am one of the plaintiffs in the above-entitled matter. I have personal knowledge of the following, and, if called to testify, I could and would do so competently.

2. I determined that it is necessary for Olen Properties and me to bring in new trial counsel to represent us in this matter. This hard decision is based on numerous factors, the most important of which are the following:

   a. Defendants, particularly UBS AG, have very successfully avoided producing documents which are necessary for Plaintiffs to take depositions and present their case for trial. Defendants' delays and its repercussions are more thoroughly set forth in the other declarations brought in support of this motion.

   b. What is clear to me is that Plaintiffs require greater resources than our current counsel, the Horizon Law Group, LLP ("Horizon"), has. From my observations in recent months, Horizon has lost important personnel familiar with this case and I have been informed that lead counsel, William King, is considering leaving that firm. If he does so, further disruptions to Plaintiffs' trial preparations will occur. These disruptions are beyond Plaintiffs' ability to control.

   c. In addition, Horizon has been having significant technical problems, which has made me concerned about its ability to meet the deadlines of this Court. Over the last several months, their computer server has crashed several times. Most recently, the technical problems resulted in the opposition to the motion for summary judgment of defendant Syntheses Energy Systems, Inc. ("SES") being filed late, causing counsel to request the Court relieve it of its late filing. Since that time, its server has crashed again, greatly inhibiting the ability of counsel to

provide the needed support for the purposes of this Motion to Continue Trial. There have been instances where important information cannot be e-mailed directly from Horizon's server, but rather had to be routed through Mr. King's personal iPad.

3. In addition, Defendants appear to be coordinating their efforts to take advantage of Horizon's lack of resources. For example, on August 15, 2011, SES filed its motion for summary judgment, providing the minimum notice of 28 days, requiring that Plaintiffs' counsel scramble to conduct depositions, by telephone, of three important witnesses. In addition to trying to conduct the depositions, obtain the transcripts and incorporate the information found into the opposition, it was discovered during those depositions that SES had not produced important documents relevant to that opposition. Accordingly, Plaintiffs' counsel was forced to meet and confer to obtain documents at the same time the opposition had to be drafted. It is my understanding some of those documents were only delivered on September 2, 2011, before the three-day holiday weekend, with the opposition due just four days later on September 6, 2011.

4. At the same time, on September 2, 2011, UBS AG presented a disc containing 7,300 files to Horizon. UBS AG did not serve Julie Ault, co-counsel for Plaintiffs, despite several prior requests that they do so. These documents were purportedly being delivered so that Plaintiffs could prepare for the deposition of UBS AG set for September 15, 2011. As set forth in other declarations accompanying this Motion, those documents were submitted in a manner to inhibit their easy review, clearly showing the design of UBS AG to frustrate Plaintiffs' ability to prepare.

5. In addition to the above, I believe that given the positions taken by the various Defendants, counsel with greater understanding of international law and fraudulent conduct by financial institutions is required. I therefore contacted Francis Quinlan and Tom Newmeyer of Newmeyer & Dillion LLP ("N&D")

regarding their willingness to come in as counsel of record. My first substantive meeting with Messrs. Quinlan and Newmeyer was on August 31, 2011 at which point they indicated they would be willing to substitute in as counsel of record provided a continuance of trial were obtained. The need for continuance is primarily to allow them to get up to speed on the complex and voluminous facts underlying this action and to meaningfully participate in the remaining discovery. N&D is a well-respected Orange County law firm and has the resources, both in terms of personnel and reliable technology, to prepare this case for trial. In addition, Mr. Quinlan has significant background in corporate responsibility and ferreting out malfeasance. I have instructed N&D to begin reviewing files in the event the Motion to Continue is granted so that additional time is not wasted waiting for the ruling. I truly believe that the substitution of counsel will greatly enhance the presentation of my case in a manner that is efficient and, therefore, a benefit to the court and the other parties as well.

    I declare under penalty of perjury under the laws of the United States that the above statements are true and correct this \_\_\_\_ day of September, 2011.

_____
Igor Olenicoff