**REQUEST FOR PRODUCTION NO. 137:**

Documents which refer or relate to any amount(s) of profit YOU made related to Olen Properties, Corp.

**RESPONSE TO REQUEST NO. 137:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it is duplicative of Request Nos. 1-6, 14-17, 64-68, and 109-36. UBS AG also objects to this Request to the extent that it seeks documents outside of the relevant time period of 2001 through 2005. UBS AG further objects to this Request because the term "profit" is vague and ambiguous. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks business and trade secret information that is protected from discovery by Swiss law. Subject to and without waiver of the foregoing, UBS AG will produce documents regarding UBS AG accounts in the name of Plaintiffs that were communicated to Plaintiffs and can be located through a Reasonable Search. Standing on its objections, UBS AG will not produce internal UBS AG documents unless so ordered by a competent Swiss authority in accordance with the Hague Convention.

**REQUEST FOR PRODUCTION NO. 138:**

Documents which refer or relate to any amount(s) of profit YOU made related to New Guardian Bancorp.

**RESPONSE TO REQUEST NO. 138:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it is duplicative of Request Nos. 1-6, 10, 14-17, 64-68, and 109-37. UBS AG also objects to this Request to the extent that it seeks documents outside of the relevant time period of 2001 through 2005. UBS AG further objects to this Request because the term "profit" is vague and ambiguous. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks business and trade secret

1  information that is protected from discovery by Swiss law. UBS AG further objects
2  that this Request seeks information concerning UBS AG accounts not held by
3  Plaintiffs, which is protected form discovery by Swiss law. Standing on its objections,
4  UBS AG will not produce documents concerning New Guardian Bancorp's UBS AG
5  accounts. UBS AG may only produce otherwise non-objectionable documents
6  regarding New Guardian Bancorp's UBS AG accounts if so ordered by a competent
7  Swiss authority pursuant to a request made in accordance with the Hague Convention.

8  **REQUEST FOR PRODUCTION NO. 139:**
9  Documents which refer or relate to any amount(s) of profit YOU made related
10  to The Landmark Settlement Trust.

11  **RESPONSE TO REQUEST NO. 139:**
12  UBS AG incorporates the General Objections and Objections to Definitions and
13  Instructions as set forth above. UBS AG objects to this Request to the extent that it is
14  duplicative of Request Nos. 1-6, 12, 14-17, 64-68, and 109-38. UBS AG also objects
15  to this Request to the extent that it seeks documents outside of the relevant time period
16  of 2001 through 2005. UBS AG further objects to this Request because the term
17  "profit" is vague and ambiguous. UBS AG objects that this Request was not served in
18  accordance with the Hague Convention and seeks business and trade secret
19  information that is protected from discovery by Swiss law. UBS AG further objects
20  that this Request seeks information concerning UBS AG accounts not held by
21  Plaintiffs, which is protected form discovery by Swiss law. Standing on its objections,
22  UBS AG will not produce documents concerning Landmark Settlement Trust's UBS
23  AG accounts. UBS AG may only produce otherwise non-objectionable documents
24  regarding Landmark Settlement Trust's UBS AG accounts if so ordered by a
25  competent Swiss authority pursuant to a request made in accordance with the Hague
26  Convention.

27  **REQUEST FOR PRODUCTION NO. 140:**
28  Documents which refer or relate to Mexoro Minerals Ltd.

P-117

**RESPONSE TO REQUEST NO. 140:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to Mexoro Minerals Ltd. and UBS AG accounts in the name of Plaintiffs that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 141:**

Documents which refer or relate to Navitrak International Corporation.

**RESPONSE TO REQUEST NO. 141:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to Navitrak International Corporation and UBS AG accounts in the name of Plaintiffs that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 142:**

Documents which refer or relate to Synova Healthcare Group, Inc.

**RESPONSE TO REQUEST NO. 142:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to Synova Healthcare Group, Inc. and UBS AG accounts in the name of Plaintiffs that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 143:**

Documents which refer or relate to Vectr Systems, Inc.

**RESPONSE TO REQUEST NO. 143:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to Vectr Systems, Inc. and

1 | UBS AG accounts in the name of Plaintiffs that can be located through a Reasonable
2 | Search.

**REQUEST FOR PRODUCTION NO. 144:**

Documents which refer or relate to Teflomi Investment and Trade, Inc.

**RESPONSE TO REQUEST NO. 144:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to Teflomi Investment and Trade, Inc. and UBS AG accounts in the name of Plaintiffs that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 145:**

Documents which refer or relate to Mexoro Minerals, Ltd., including, but not limited to, any trade tickets for investment transactions, any fees, interest, and/or costs and/or any commissions paid by YOU to any advisor, broker, dealer, agent, account manager, finder or other securities industry professional.

**RESPONSE TO REQUEST NO. 145:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request No. 140. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague

1  Convention and seeks information concerning UBS AG accounts not held by
2  Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG
3  does not believe that any such documents exist, and by agreeing to search for
4  documents responsive to this Request, UBS AG does not represent that any such
5  documents do in fact exist. Subject to and without waiver of the foregoing, to the
6  extent they exist, UBS AG will produce documents related to UBS AG accounts in the
7  name of Plaintiffs and Mexoro Minerals, Ltd. that can be located through a
8  Reasonable Search.

**REQUEST FOR PRODUCTION NO. 146:**

Documents which refer or relate to Navitrak International Corporation, including, but not limited to, any trade tickets for investment transactions, any fees, interest, and/or costs and/or any commissions paid by YOU to any advisor, broker, dealer, agent, account manager, finder or other securities industry professional.

**RESPONSE TO REQUEST NO. 146:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request No. 141. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to UBS AG accounts in Plaintiffs' name and Navitrak International Corporation that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 147:**

Documents which refer or relate to Synova Healthcare Group, Inc., including, but not limited to, any trade tickets for investment transactions, any fees, interest, and/or costs and/or any commissions paid by YOU to any advisor, broker, dealer, agent, account manager, finder or other securities industry professional.

**RESPONSE TO REQUEST NO. 147:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request No. 142. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to UBS AG accounts in Plaintiffs' name and Synova Healthcare Group, Inc. that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 148:**

Documents which refer or relate to Vectr Systems, Inc., including, but not limited to, any trade tickets for investment transactions, any fees, interest, and/or costs and/or any commissions paid by YOU to any advisor, broker, dealer, agent, account manager, finder or other securities industry professional.

**RESPONSE TO REQUEST NO. 148:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request No. 143. UBS AG also objects to this Request to the extent

1  that it purports to seek documents outside the relevant time period of 2001 through
2  2005. UBS AG objects that this Request was not served in accordance with the Hague
3  Convention and seeks information concerning UBS AG accounts not held by
4  Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG
5  does not believe that any such documents exist, and by agreeing to search for
6  documents responsive to this Request, UBS AG does not represent that any such
7  documents do in fact exist. Subject to and without waiver of the foregoing, to the
8  extent they exist, UBS AG will produce documents related to UBS AG accounts in
9  Plaintiffs' name and Vectr Systems, Inc. that can be located through a Reasonable
10 Search.

11 **REQUEST FOR PRODUCTION NO. 149:**

12      Documents which refer or relate to Teflomi Investment and Trade, Inc.,
13 including, but not limited to, any trade tickets for investment transactions, any fees,
14 interest, and/or costs and/or any commissions paid by YOU to any advisor, broker,
15 dealer, agent, account manager, finder or other securities industry professional.

16 **RESPONSE TO REQUEST NO. 149:**

17      UBS AG incorporates the General Objections and Objections to Definitions and
18 Instructions as set forth above. UBS objects to this Request to the extent that it is
19 duplicative of Request No. 144. UBS AG also objects to this Request to the extent
20 that it purports to seek documents outside the relevant time period of 2001 through
21 2005. UBS AG objects that this Request was not served in accordance with the Hague
22 Convention and seeks information concerning UBS AG accounts not held by
23 Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG
24 does not believe that any such documents exist, and by agreeing to search for
25 documents responsive to this Request, UBS AG does not represent that any such
26 documents do in fact exist. Subject to and without waiver of the foregoing, to the
27 extent they exist, UBS AG will produce documents related to UBS AG accounts in
28

1  Plaintiffs' name and Teflomi Investment and Trade, Inc. that can be located through a
2  Reasonable Search.

**REQUEST FOR PRODUCTION NO. 150:**

Documents which refer or relate to any due diligence, research, or analysis YOU conducted related to Mexoro Minerals, Ltd.

**RESPONSE TO REQUEST NO. 150:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request Nos. 140 and 145. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to UBS AG accounts in Plaintiffs' name and Mexoro Minerals, Ltd. that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 151:**

Documents which refer or relate to any due diligence, research, or conducted related to Navitrak International Corporation.

**RESPONSE TO REQUEST NO. 151:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request Nos. 141 and 146. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with

1  the Hague Convention and seeks information concerning UBS AG accounts not held
2  by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG
3  does not believe that any such documents exist, and by agreeing to search for
4  documents responsive to this Request, UBS AG does not represent that any such
5  documents do in fact exist. Subject to and without waiver of the foregoing, to the
6  extent they exist, UBS AG will produce documents related to UBS AG accounts in
7  Plaintiffs' name and Navitrak International Corporation that can be located through a
8  Reasonable Search.

**REQUEST FOR PRODUCTION NO. 152:**

Documents which refer or relate any due diligence, research, or conducted related to Synova Healthcare Group, Inc.

**RESPONSE TO REQUEST NO. 152:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request Nos. 142 and 147. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to UBS AG accounts in Plaintiffs' name and Synova Healthcare Group, Inc. that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 153:**

Documents which refer or relate to any due diligence, research, or conducted related to Vectr Systems, Inc.

**RESPONSE TO REQUEST NO. 153:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request Nos. 143 and 148. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the extent they exist, UBS AG will produce documents related to UBS AG accounts in Plaintiffs' name and Vectr Systems, Inc. that can be located through a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 154:**

Documents which refer or relate to any due diligence, research, or conducted related to Teflomi Investment and Trade, Inc.

**RESPONSE TO REQUEST NO. 154:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS objects to this Request to the extent that it is duplicative of Request Nos. 144 and 149. UBS AG also objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG objects that this Request was not served in accordance with the Hague Convention and seeks information concerning UBS AG accounts not held by Plaintiffs, which is protected form discovery by Swiss law. Furthermore, UBS AG does not believe that any such documents exist, and by agreeing to search for documents responsive to this Request, UBS AG does not represent that any such documents do in fact exist. Subject to and without waiver of the foregoing, to the

1  extent they exist, UBS AG will produce documents related to UBS AG accounts in
2  Plaintiffs' name and Teflomi Investment and Trade, Inc. that can be located through a
3  Reasonable Search.

4  **REQUEST FOR PRODUCTION NO. 155:**

5  Documents which refer or relate to UBS AG having any form of securities
6  license(s) during the relevant time period.

7  **RESPONSE TO REQUEST NO. 155:**

8  UBS AG incorporates the General Objections and Objections to Definitions and
9  Instructions as set forth above. UBS AG objects to this Request to the extent that it
10 purports to seek documents outside the relevant time period of 2001 through 2005.
11 UBS AG objects that this Request was not served in accordance with the Hague
12 Convention and, to the extent it seeks documents that are not publicly available,
13 requests business and trade secret information that is protected from discovery by
14 Swiss law. UBS AG further objects to this Request to the extent that it purports to
15 request documents related to transactions occurring outside of the United States or
16 transactions that did not involve UBS AG accounts in Plaintiffs' name, and for that
17 reason is not reasonably calculated to lead to the discovery of admissible evidence.
18 Standing on its objections, UBS AG will not produce documents in response to this
19 Request.

20 **REQUEST FOR PRODUCTION NO. 156:**

21 Documents which refer or relate to Neue Bank AG having any form of
22 securities license.

23 **RESPONSE TO REQUEST NO. 156:**

24 UBS AG incorporates the General Objections and Objections to Definitions and
25 Instructions as set forth above. UBS AG objects to this Request to the extent that it
26 purports to seek documents outside the relevant time period of 2001 through 2005.
27 UBS AG further objects to this Request to the extent that it purports to request
28

P-127

documents related to licenses held by third parties, not UBS AG. UBS will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 157:**

Documents which refer or relate to New Haven Trust Co, Ltd. having any form of securities license.

**RESPONSE TO REQUEST NO. 157:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG further objects to this Request to the extent that it purports to request documents related to licenses held by third parties, not UBS AG. UBS will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 158:**

Documents which refer or relate to Union Charter, Ltd. having any form of securities license.

**RESPONSE TO REQUEST NO. 158:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it purports to seek documents outside the relevant time period of 2001 through 2005. UBS AG further objects to this Request to the extent that it purports to request documents related to licenses held by third parties, not UBS AG. UBS will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 159:**

Documents which refer or relate to GM Capital Partners, Ltd. having any form of securities license.

**RESPONSE TO REQUEST NO. 159:**

UBS AG incorporates the General Objections and Objections to Definitions and Instructions as set forth above. UBS AG objects to this Request to the extent that it

1  purports to seek documents outside the relevant time period of 2001 through 2005.
2  UBS AG further objects to this Request to the extent that it purports to request
3  documents related to licenses held by third parties, not UBS AG. UBS will not
4  produce documents responsive to this Request.

5  **REQUEST FOR PRODUCTION NO. 160:**

6  Documents which refer or relate to Knight Financial, Ltd. having any form of
7  securities license.

8  **RESPONSE TO REQUEST NO. 160:**

9  UBS AG incorporates the General Objections and Objections to Definitions and
10 Instructions as set forth above. UBS AG objects to this Request to the extent that it
11 purports to seek documents outside the relevant time period of 2001 through 2005.
12 UBS AG further objects to this Request to the extent that it purports to request
13 documents related to licenses held by third parties, not UBS AG. UBS will not
14 produce documents responsive to this Request.

15 Dated: August 2, 2010          GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kristopher P. Diulio

333 South Grand Avenue
Los Angeles, CA 90071-1512
Phone: (213) 229-7000

Attorney for Defendant UBS AG

# CERTIFICATE OF SERVICE

I, Dena Kennedy, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412 in said County and State. On August 2, 2010, I served the following document(s):

**UBS AG'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION (SET ONE)**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Julie Ann Ault<br>7 Corporate Plaza<br>Newport Beach, CA 92660<br>jault@olenproperties.com | Kenneth M. Miller<br>Luis A. Feldstein<br>Susann K. Narholm<br>BIENERT, MILLER & KATZMAN, PLC<br>115 Avenida Miramar<br>San Clemente, CA 92672 |
| Molly J. Magnuson<br>Michael G. Yoder<br>O'Melveny & Myers<br>610 Newport Center Drive, 17th Fl.<br>Newport Beach, CA | William J. King<br>Horizon Law Group LLP<br>17991 Cowan<br>Irvine, CA 92614 |
| Daniel K. Hedges<br>Porter & Hedges LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002 | John W. McLuskey<br>David M. McDonald<br>McLuskey and McDonald PA<br>8821 S.W. 69th Court<br>Miami, FL 33156 |
| Mark A. Romeo<br>Christina K. Dallen<br>Crowell & Moring LLP<br>3 Park Plaza, 20th Floor<br>Irvine, CA 92614 | Richard J. Grad<br>Sidley Austin LLP<br>555 W. 5th Street<br>Los Angeles, CA 90013 |
| Douglas J. Rovens<br>Katten Muchin Roseman LLP<br>2029 Century Park East, Ste. 2600<br>Los Angeles, CA 90067 | Justin H. Sanders<br>The Sanders Firm LLP<br>333 S. Grand Avenue, 25th Fl.<br>Los Angeles, CA 90071 |
| Laura G. Brys<br>Burris, Schoenberg, et al.<br>12121 Wilshire Blvd., Ste. 800<br>Los Angeles, CA 90025 | Bradley Birkenfeld<br>#26901-038<br>FCI Schuykill<br>Federal Correctional Institution<br>P.O. Box 759<br>Minersville, PA 17954 |

| | |
|---|---|
| ☒ | **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on above-mentioned date. |
| ☐ | **BY FACSIMILE:** From facsimile number (949) 451-4220 at _____ a.m./p.m., I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. |
| ☐ | **BY UPS NEXT DAY AIR:** On above-mentioned date, I placed a true copy of above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents. |
| ☒ | I am employed in the office of Kristopher P. Diulio, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper. |
| ☒ | **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct. |

Executed on August 2, 2010.

*/s/ Dena Kennedy*
Dena Kennedy