# EXHIBIT F



# HORIZON LAW GROUP LLP

# Fax

| | | | |
|---|---|---|---|
| To: | Marisa Poulos/Julie Ault | From: | William J. King |

| | | | |
|---|---|---|---|
| Fax: | (949) 719-7210 | Pages: | , including cover |
| Phone: | | Date: | 9/12/2011 |
| Re: | UBS Correspondence | CC: | |

☑ Urgent   ☑ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

Letters

17991 Cowan ● Irvine, California 92614 ● tel: 949-261-2500 ● fax: 949-261-2515

9492612515                        Mon Sep 12 11:27:31 2011                    Page 2 of 43

SEP-12-11   11:56AM   FROM-Horizon Group              +9492612515      T-145   P.002   F-481

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Kristopher P. Diulio
Direct: 949.451.3907
Fax: 949.475.4630
KDiulio@gibsondunn.com

Client: T 93292-00080

November 19, 2010

William J. King
Horizon Law Group LLP
17991 Cowan
Irvine, CA 92614

Re:  *Olenicoff, et al. v. UBS AG, et al.*, Case No. SACV08-01029 (C.D. Cal.)

Dear Mr. King:

     I am writing in response to your October 14, 2010 letter regarding UBS AG's Responses to Plaintiff Igor Olenicoff's Request for Production of Documents (respectively, "Responses" and "Requests").  In its Responses, UBS AG agreed to produce the following documents:

- Documents related to UBS AG accounts in Plaintiffs' names;

- Prospectuses and marketing materials provided by UBS AG to Plaintiffs;

- Communications between UBS AG and specified third parties concerning Plaintiffs' accounts;

- Documents concerning fees and charges related to Plaintiffs' accounts;

- IRS forms pertaining to accounts in Plaintiffs' names;

- Documents concerning the entities named in Requests 140-154; and

- UBS AG's annual reports for the years 2001-2009.

     The parties in this litigation agreed to begin the production of documents on December 21, 2010.  Notwithstanding the fact that UBS AG has agreed to produce many categories of documents and that no party has yet produced any documents, Plaintiffs nonetheless argue that UBS AG's Responses are deficient.  But the arguments made in your 95-page letter are unpersuasive, premature and misguided.[1]  In an effort to focus our discussion, we have distilled the issues into several broad categories that are each addressed below.

---

[1] For example, Plaintiffs claim that "UBS AG has refused" to produce its annual reports, even though UBS AG expressly agreed to produce its annual reports.

Brussels · Century City · Dallas · Denver · Dubai · London · Los Angeles · Munich · New York · Orange County
Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

P-232

# GIBSON DUNN

William J. King
November 19, 2010
Page 2

### A. The Relevant Time Period Are The Years That Plaintiffs Held UBS AG Accounts

Although the UBS AG accounts that are the subject of Plaintiffs' claims were only open from 2001 through 2005, Plaintiffs contend that they are entitled to documents from UBS AG starting in 2000 and extending to the present date. (Oct. 14, 2010 Letter at 2.) Such expansive requests are not only unduly burdensome and harassing; they are unsupported by the allegations in Plaintiffs' Third Amended Complaint ("TAC"). Because Plaintiffs allege fraud in connection with UBS AG's management of Plaintiffs' accounts, the relevant time period is appropriately limited to the years during which Plaintiffs actually held accounts at UBS AG.

Even if there were some communications between UBS AG and Plaintiff after 2005, it is undisputed that Plaintiffs closed their UBS AG accounts in 2005. Plaintiffs never reopened any accounts with UBS AG and Plaintiffs never resumed any business relationship with UBS AG. For these reasons, Plaintiffs are not entitled to burden UBS AG through discovery extending for over five years after Plaintiffs closed their UBS AG accounts.

### B. UBS AG Will Conduct A Reasonable And Diligent Search

UBS AG has agreed to conduct a reasonable diligent search for documents responsive to Plaintiffs' Requests, consistent with UBS AG's Responses. Nonetheless, Plaintiffs contend that "UBS AG must conduct a full scale, corporate wide search for all responsive documents." (Oct. 14 Letter at 3.) Plaintiffs' position is inconsistent with UBS AG's discovery obligations under the Federal Rules of Civil Procedure. UBS AG is an international organization with numerous locations and operations completely unconnected to Plaintiffs' claims in this litigation. See Fed. R. Civ. P. 26(a)(2). Given the scope of UBS AG's operations, and the amount of time that has passed since Plaintiffs closed their UBS AG accounts (over three years before initiating this lawsuit), Plaintiffs' demand is unreasonable, cost prohibitive and unproductive. Instead, in accordance with its discovery obligations, UBS AG will conduct a reasonable search of accessible sources.

### C. The Hague Convention Provides The Proper Procedure For Obtaining UBS AG Documents Concerning Documents Unrelated To Accounts In Plaintiffs' Names

As an initial matter, UBS AG will produce documents concerning accounts in Plaintiffs' names in response to the Requests served pursuant to the Federal Rules of Civil Procedure. For documents concerning Plaintiffs' accounts, UBS AG agrees that Plaintiffs need not comply with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). UBS AG also acknowledges that documents concerning accounts in Plaintiffs' names are not protected from discovery by the privacy laws of Switzerland, the United States, or any other jurisdiction.

9492612515                          Mon Sep 12 12:23:11 2011                          Page 4 of 43

SEP-12-11   11:56AM   FROM-Horizon Group                    +9492612515        T-145   P.004   F-491

# GIBSON DUNN

William J. King
November 19, 2010
Page 3

But Plaintiffs also request documents concerning accounts not in Plaintiffs' name. It is this information that is protected from discovery by the privacy laws of Switzerland, the United States and other jurisdictions. Plaintiffs must comply with the Hague Convention when seeking information concerning accounts in the names of people or entities that are not a party to this litigation.

1.   **Accounts Alleged To Be For Plaintiffs' Benefit That Were Not In Plaintiffs' Names**

Plaintiffs request documents pertaining to accounts that were held in the names of Guardian Guarantee Corp, New Guardian Bancorp, National Depository Company and the National Settlement Trust.[2] Yet Plaintiffs have provided no authorization from those entities to produce their protected financial information.

Plaintiffs acknowledge that account documents not in Plaintiffs' names are generally protected from disclosure, but instead contend that they are not required to follow the provisions of the Hague Convention because the documents concerning these entities "beneficially belong[] to Plaintiffs," and therefore, producing them will not result in a violation of Swiss law. (Oct. 14, 2010 Letter at 1.)

Because these entities are not parties to the litigation and have not authorized UBS AG to disclose any information concerning their accounts, UBS AG is prohibited by Swiss financial privacy law from revealing any information about these accounts unless provided with a waiver from the account holder. Complying with Plaintiffs' requests for production without obtaining such a waiver could subject UBS AG and its officers to criminal prosecution, administrative sanctions, and financial penalties. Moreover, compelling UBS AG to release documents maintained in Switzerland without obtaining the assistance of Swiss courts would be an infringement on Swiss sovereignty.

If Plaintiffs are in fact the beneficial owners of these entities, then Plaintiffs should secure appropriate authorizations from the account holders allowing the disclosure of the entities' account information. With such a waiver, UBS AG will produce the requested documents pursuant to any temporal limitations or other objections set forth in UBS AG's Responses.

If Plaintiffs are unable to obtain authorizations from the entities, the Hague Convention provides Plaintiffs with a means to obtain the requested documents without

---

[2]   Requests 3-8, 10-13, 15-19, 51-53, 64, 99-104, 109-122, 124, 125, 127-131, 134, 135, 138, 139.

# GIBSON DUNN

William J. King
November 19, 2010
Page 4

requiring UBS AG to violate Swiss law. Although Plaintiffs erroneously claim that the Hague Convention is inapplicable, this argument rests on a misguided citation to *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 536 (1987). In *Societe*, the Supreme Court vacated a Court of Appeals decision, holding that it was an error to conclude that the Hague Convention does not apply to discovery sought from a foreign litigant. *Id.* at 547. Moreover, the Supreme Court found that whether The Hague Convention protocol must be followed depends, in part, on the intrusiveness of the discovery sought. *Id.* at 545 ("Some discovery procedures are much more 'intrusive' than others."). Specifically, the Court found that an interrogatory asking the foreign defendant to identify specific information was not intrusive, whereas requests for documents would be intrusive. *Id.*

Here, Plaintiffs' requests for documents concerning accounts not in Plaintiffs' names fall into the intrusive category that is subject to judicial scrutiny and the application of the Hague Convention:

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position . . . Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration.

*Id.* at 546; *see also Thales Avionics Inc. v. Matsushita Avionics Sys. Corp.*, 2006 U.S. Dist. LEXIS 97119 (C.D. Cal. Mar. 8, 2006) (affirming magistrate judge's decision that a foreign citizen's deposition must be taken, if at all, pursuant to the Hague Convention). For these reasons, absent written waivers from the account holders, Plaintiffs must comply with The Hague Convention when seeking documents concerning accounts not in Plaintiffs' names.

## 2.   Accounts That Were Not In Plaintiffs' Names And Not For Plaintiffs' Benefit

In addition to the account information for Guardian Guarantee Corp, New Guardian Bancorp, National Depository Company and the National Settlement Trust, Plaintiffs also requests documents relating to all United States account holders.[3] Not only are there no authorizations from these non-party account holders, they are not even identified by Plaintiffs. These requests fall far outside the scope of this litigation. This is not a class action and Plaintiffs' TAC only asserts claims on behalf of Plaintiffs. Unnamed United States investors are not parties to the litigation, and Plaintiffs have made no claim of

---

[3]   *See* Requests 58-61, 73-75, 85-98.

# GIBSON DUNN

William J. King
November 19, 2010
Page 5

ownership or entitlement to their accounts. Nor are policies or marketing efforts unrelated to
Plaintiffs relevant to this litigation.

Any information concerning the accounts of such unnamed third parties is protected
by Swiss, United States and other jurisdictions' privacy laws. Requests for documents
unrelated to Plaintiffs' accounts are not reasonably calculated to lead to the discovery of
admissible evidence. Furthermore, it is unduly burdensome and harassing to request that
UBS AG search for, review, and produce documents for thousands of other customers who
have no connection to this litigation. UBS AG will not produce any documents relating to
the accounts of unnamed third parties unless ordered to do so by a Swiss court pursuant to
the procedures provided by the Hague Convention.

## D. Communications Between UBS AG And The United States Government

Plaintiffs make the unreasonable and highly burdensome demand that UBS AG
produce all communications and document relating to UBS AG's interactions with the
United States Government over the past decade, including documents and communications
relating to: 1) IRS and DOJ investigations of UBS AG; 2) UBS AG's 2002 Qualified
Immunity Agreement with the Government; 3) UBS AG's Deferred Prosecution Agreement
with the Department of Justice; and 4) the conduct underlying UBS AG's Deferred
Prosecution Agreement.[4] These documents have no bearing on Plaintiffs' claims, and UBS
AG will not undertake the heavy burden of producing them.

Plaintiffs contend that they need these documents to prove that UBS AG was
involved in a conspiracy to defraud United States investors. (Oct. 14, 2010 Letter at 16, 34.).
This argument is misplaced for several reasons. First, the Requests seek documents
unconnected to Plaintiffs' claims in the TAC that Olenicoff was somehow defrauded by UBS
AG or that UBS AG mismanaged his investments. UBS AG's interactions with other United
States investors as a whole are not relevant to a determination of liability or damages as to
Plaintiffs. Rather the issue in this case is whether UBS AG committed fraud or otherwise
harmed Plaintiffs in this case—Igor Olenicoff and Olen Properties.

Second, the Deferred Prosecution Agreement ("DPA") between UBS AG and DOJ
speaks for itself. In fact, the subject of the DPA is conduct directed at the United States, not
individual investors such as Plaintiffs. Moreover, UBS AG stands by the admissions made in
the DPA, and producing the documents in question will do nothing more than establish facts
to which UBS AG has already admitted. There is no dispute between UBS AG and Plaintiffs

---

[4] *See* Requests 20-23, 54-55, 70, 105-108.

9492612515                Mon Sep 12 11:59:11 2011

SEP-12-11   11:59AM   FROM-Horizon Group              +9492612515        T-145  P.007/043  F-481

## GIBSON DUNN

William J. King
November 19, 2010
Page 6

concerning the conduct underlying the DPA and no benefit to requiring UBS AG to collect,
review and produce documents that have no bearing on Plaintiffs' claims.

### E.   Documents And Communications Concerning Brad Birkenfeld That Are Not Related To Plaintiffs

Although UBS AG has agreed to produce documents concerning Plaintiffs and
accounts held in Plaintiffs' names, Plaintiffs also request all document concerning Bradley
Birkenfeld—including documents unrelated to the facts at issue in this litigation.[5] Without
establishing how such information is relevant to their claims, Plaintiffs have demanded
documents concerning Birkenfeld's *entire* employment history with UBS AG, as well as
confidential documents concerning Birkenfeld's personnel file and legal claims against UBS
AG. To the extent the documents sought by Plaintiffs regarding Birkenfeld are not related to
Plaintiffs or accounts held in Plaintiffs' names, the privacy laws of Switzerland and other
jurisdictions protect those documents from discovery.

Plaintiffs indicate that one reason for seeking such documents is to learn specific,
limited information about Birkenfeld, such as the start and end dates of Birkenfeld's
employment with UBS AG. (Oct. 14, 2010 Letter at 18.) There are less burdensome means
of obtaining the desired information, such as questioning Birkenfeld during his scheduled
deposition or propounding an interrogatory. As drafted, the Requests concerning are simply
far too broad and overreaching. Unless a waiver is obtained from Birkenfeld authorizing
disclosure of his personal information unrelated to Plaintiffs, UBS AG will not produce the
requested documents unless ordered to do so by a competent Swiss court in accordance with
the Hague Convention.

### F.   Requests Unrelated To Plaintiffs' Claims

To the extent not specifically addressed above, UBS AG emphasizes that it will not
produce any documents relating to third parties, nor will it produce any documents that are
beyond the scope of this litigation, that are protected by privilege, or that would violate
Swiss law. This includes, but is not limited to, documents concerning UBS AG's registration
with the Securities and Exchange Commission, documents concerning securities licenses
held by third parties rather than UBS AG, and documents concerning fees, commissions, and
tax forms unrelated to accounts held in Plaintiffs' names. For many of these categories, for
example documents concerning third parties, it is not appropriate to direct the Requests to
UBS AG.

---

[5] *See* Requests 25-28, 49, 69, 71-72.

# GIBSON DUNN

William J. King
November 19, 2010
Page 7

### G. Plaintiffs' Objections to UBS AG's Definitional Language

Plaintiffs raise repeated objections to UBS AG's characterization of terms in the
Requests as "vague" or "ambiguous."  For example, in response to UBS AG's objection to
the term "profit" in Requests 136-139, you state "[t]o assert that the term 'profit' is either
vague or ambiguous is quite possibly the worst objection in your entire response."  (Oct. 14,
2010 Letter, at 81-83).  Similarly, you describe UBS AG's objection to the term "banking
activities" as "ludicrous."  (*Id.* at 16.)  This inflammatory language is counterproductive and
distracts from the issues in the case.  Not only does UBS AG stand by its objections to
Plaintiffs' undefined use of terms that are subject to multiple reasonable interpretations, we
hope that all parties will strive to maintain a professional and courteous demeanor as we
move forward.

* * *

Although we are confident that this letter resolves most of the issues you have raised,
we propose the scheduling of a meet and confer conference.  At that conference, we can
discuss these responses, as well as the issues addressed in my November 3, 2010 letter, to
which we are still awaiting a response.

Yours truly,

Kristopher P. Diulio

KPD/kpd

100965398_1.DOC

# EXHIBIT G

SEP-12-11   11:59AM   FROM-Horizon Group                    +9492612515        T-145   P.009/043   F-481

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

December 27, 2010

***VIA E-MAIL AND USPS***

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
      Case No. SACV08-01029 AG (RNBx)

Dear Mr. Diulio:

In response to your recent e-mail communication related to Plaintiff's electronic search terms, enclosed you will find Plaintiffs' Proposed Search Terms. Plaintiffs note at the outset that we do not agree to any limitation of your client's search. Plaintiffs have proceeded in good faith with your request for a "search term" list but do not agree that it should be used as the sole or exclusive means for you and your client to proceed with a proper search consistent with your obligations under the applicable Federal Rules of Procedure or Evidence. As well, Plaintiffs reserve all rights to demand and compel a further search on your part if Plaintiff finds reason to believe a full and proper production has not been forthcoming.

Sincerely,

John Marshall
*Enclosure as noted*
Cc:    *William J. King, Esq. w/ enclosure (via e-mail)*
       *Julie A. Ault, Esq. w/ enclosure (via e-mail)*

P-239

### Proposed Search Terms – *Olenicoff et al. v. UBS AG et al.*

1.     The actual account numbers for the Olenicoff accounts, as well as the following terms:

2.     0240-591933 Portfolio Number 01

3.     0240-591933

4.     0240-591933 60B

5.     0240-591933.70A

6.     0240-591933.70V

7.     0240-591933 M.X.

8.     0240-591933.00W

9.     0240-590812 V.M.

10.     0240-590812.60J

11.     0240-590812

12.     0240-591937 N.C.

13.     0240-591937 N.C.

14.     0240-591937.N1

15.     0240-591932 M.W.

16.     0240-591949 N.O.

17.     0240-591949.N1

18.     0240-591949.60 D

19.     0240-592496 PR

20.     0279-506522

21.     0240-550812 VM

22.     0240-428096 Portfolio Number 01

23.     UBS Reference No. 024000428096

24.     Master Account No. 024000428096

25.     0240-428096

26.   igor

27.   olenicoff

28.   olen

29.   o properties

30.   opc

31.   orc

32.   ocpc

33.   rsc

34.   olen residential

35.   guardian guarantee

36.   new guardian

37.   landmark settlement

38.   landemaerke ejendomsselskab aps

39.   national depository company

40.   ndc, ltd

41.   nimenco trust settlement

42.   Barclays

43.   b bank

44.   b. bank

45.   micahel g

46.   mike g

47.   mg

48.   guignard

49.   gilbert b

50.   g.b.

51.   benz

52.     roger h

53.     hartmann

54.     rh

55.     Klaus b

56.     biedermann

57.     kb

58.     new haven

59.     haven trust

60.     new haven trust

61.     nht

62.     mario s

63.     staggl

64.     ms

65.     n bank

66.     neue

67.     neue bank ag

68.     nb ag

69.     georg v

70.     vogt

71.     gv

72.     w Arnold

73.     wille

74.     wa

75.     Hermann w

76.     h willi

77.     hw

78.     paul b

79. buchel

80. pb

81. jost p

82. pilgrim

83. jp

84. willi w

85. wolfinger

86. ww

87. steve l

88. Stephen l

89. laternser

90. sl

91. scott m

92. macaw

93. sm

94. neil s

95. n smith

96. ns

97. uc

98. union charter

99. david s

100. schwedel

101. ds

102. mike s

103. michael s

104. storey

105.   ms

106.   ses

107.   synthesis

108.   energy

109.   systems

110.   synthesis energy systems

111.   david e

112.   eichinger

113.   de

114.   tim v

115.   vail

116.   tv

117.   james michie

118.   j michie

119.   jm

120.   gm capital

121.   gm capital partners

122.   robert Knight

123.   r knight

124.   knight

125.   knight Financial

126.   kf

127.   marc A

128.   angst

129.   ma

130. gestrust

131. martin hochschorner

132. martin h

133. mh

134. m hochschorner

135. jason s

136. sundar

137. j sundar

138. js

139. herb lustig

140. herb l

141. h lustig

142. hl

143. mexoro

144. m minerals

145. navitrak

146. navitrak international

147. navitrak intl

148. synova

149. s healthcare

150. vectr

151. v systems

152. teflomi investment and trade inc

153. teflomi investment

154. teflomi investment and trade

9492612515
Mon Sep 12 12:35:11 2011

SEP-12-11   12:00PM   FROM-Horizon Group          +9492612515          T-145  P.016/043  F-481

155.   teflomi

156.   brad b

157.   birkenfeld birkenfeld

158.   b birkenfeld

159.   Jacques beuchat

160.   Jacques b

161.   beuchat

162.   christian bovay

163.   Christian b

164.   bovay

165.   peter kurer

166.   peter k

167.   p kurer

168.   raoul weil

169.   r weil

170.   weil

171.   martin liechti

172.   m liechti

173.   liechti

174.   Natalia olenicoff

175.   nataila o

176.   n olenicoff

177.   andrei olenicoff

178.   andrei o

179.   a olenicoff

180.    steve jacoby

181.    steve j

182.    s jacboy

183.    qualified intermediary

184.    qi

185.    irs

186.    matthias rickenbach

187.    matthias r

188.    m rickenback

189.    Liechtenstein

190.    kevin d

191.    downing

192.    speckert

193.    klaus m

194.    k mayer

195.    Patrick henning

196.    p henning

197.    shelton

198.    sheltons

199.    ned shelton

200.    s tax

201.    dpa

202.    d prosecution

203.    deferred prosecution agreement

204.    dp agreement

205.    mark b

206.    blender

207.    braedon c

208.    b clark

209.    portfolio 140330.01

210.    bartho vanotterdyk

211.    ASX 9667 ApS

212.    SCSK 5900 ApS

213.    new haven treuhand AG

214.    hugh cattermole

215.    hugh c

216.    h cattermore

217.    sbam mareva house

218.    us senate

219.    senate hearing

220.    senate

221.    testimony

222.    witnesses

223.    witness

224.    testify

225.    file

226.    personnel

227.    personnel file