# EXHIBIT H

SEP-12-11   12:01PM   FROM-Horizon Group                +9492612515          T-145   P.021/043   F-481

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Kristopher P. Diulio
Direct: 949.451.3907
Fax: 949.475.4630
KDiulio@gibsondunn.com

Client: T 93292-00080

February 10, 2011

William J. King
Horizon Law Group LLP
17991 Cowan
Irvine, California 92614

Re:  *Olenicoff, et al. v. UBS AG, et al.*, No. SACV 08-01029 (C.D. Cal.)

Dear Mr. King:

I am writing to follow up on the items discussed during our February 1, 2011 meeting.

### Accounts Not Held In Plaintiffs' Names

Plaintiffs have requested documents concerning UBS AG accounts that were not in Igor
Olenicoff's name but are claimed to have been for his benefit. Before UBS AG can produce
these documents, UBS AG must receive a written order requesting those account documents.
The order must be signed by the person in whose name the accounts were held. For accounts
that were held in the name of an entity, the order must be signed by the authorized directors
of the entity that held the UBS AG accounts. In either event, UBS AG must receive the
signed original of the order (a copy is not sufficient). The order may direct UBS AG to
either produce the account documents directly to Plaintiffs or to the person or directors of the
entities that held the accounts, who can in turn produce the documents to Plaintiffs.

If the entities that held UBS AG accounts no longer exist, UBS AG would accept a written
and signed confirmation from the directors stating that the entities no longer exist and that
they do not have any objection to UBS AG providing the account information to Plaintiffs.

### Government Communications Regarding Plaintiffs' Accounts

Plaintiffs have also requested communications between UBS AG and the United States
Department of Justice ("DOJ") or Internal Revenue Service ("IRS") concerning Plaintiffs'
accounts. As Plaintiffs are aware, UBS AG may have disclosed certain account information
to the Swiss Federal Tax Administration ("SFTA") pursuant to a disclosure order issued by
the SFTA. We are not aware of any direct communications between UBS AG and DOJ or
IRS concerning Plaintiffs' UBS AG account. The communication between the SFTA and
UBS AG occurred years after Plaintiffs closed their UBS AG accounts in 2005 and was in
accordance with a request for administrative assistance issued to the SFTA by the IRS. UBS
AG informed Mr. Olenicoff of these proceedings via several notification letters, which are
attached to this letter.

P-249

SEP-12-11   12:01PM   FROM-Horizon Group              +9492612515          T-145  P.022/043  F-481

# GIBSON DUNN

William J. King
February 10, 2011
Page 2

Swiss privacy law prohibits UBS AG from producing communications between UBS AG
and the SFTA. However, Plaintiffs as the beneficial owners of the disclosed accounts, may
have the right to access these records directly from the SFTA. To request these documents,
Plaintiffs should contact the SFTA directly at the address indicated in the attached
notification letters.

## ESI From UBS AG

UBS AG has initiated a search for electronic documents using the terms agreed to at the
February 1, 2011 meeting, which are set forth in my January 7, 2011 letter. We will produce
responsive documents on a rolling basis.

## Plaintiffs' Discovery Responses

During our February 1, 2011 meeting, Plaintiffs agreed to follow up with written responses
to several issues. Plaintiffs agreed to consider the production of Plaintiffs' tax returns.
Plaintiffs also agreed to confirm the scope of Plaintiffs' searches for responsive documents
(including ESI) and to confirm that all responsive documents have been produced. Plaintiffs
also agreed to produce documents demonstrating the ownership of Olen Properties and to
supplement their interrogatory responses. Plaintiffs further agreed to consider the production
of the Shelton Tax letter or, at a minimum, provide a privilege log documenting basic
information regarding the letter and why it has been withheld.

We had a productive in-person meeting and we look forward to Plaintiffs' prompt response
to these outstanding issues. Please respond by no later than February 18, 2011.

Very truly yours,

Kristopher P. Diulio

KPD/CH/tms
101018951_1.DOC

# EXHIBIT I

9492612515          Mon Sep 12 12:03 2011

SEP-12-11   12:02PM   FROM-Horizon Group          +9492612515          T-145   P.023/043   F-481

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

March 10, 2011

**_Via E-Mail Transmission_**

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

     RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
          Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

    I write concerning the "rolling" production referenced in your letter of February 10, 2011. You will recall we had agreed to a list of search terms to be used by UBS, AG for a further search and production of documents. Having not heard from you in this regard, I believe a status from your end would be fruitful. Has your client conducted a further search and what documents, if any have been determined to exist? We look forward to your response.

Sincerely,

John Marshall

Cc:   *William J. King, Esq. (via e-mail)*
      *Julie A. Ault, Esq. (via e-mail)*

# JULIE A. AULT

### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

March 10, 2011

***Via E-Mail Transmission***
Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
      Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

In my e-mail communications of February 2 and 7, 2011 I provided our proposed
Waiver and Authorization for Release of Records for the benefit of UBS AG. This
document will allow your clients to produce those records (currently being withheld
because of your concern for the preclusive effect of Swiss law) as requested in Plaintiff's
Request for Production of Documents, Set One. As of today, we have not received a
response from you regarding the proposed waiver and would ask that you provide your
formal response on the subject.

On a related matter, we note that in your letter of February 10, 2011 you confirm
UBS, AG has provided documents concerning our clients to the SFTA. As with other
documents, your client has declined to produce those records citing Swiss Privacy law.
To the extent these documents refer, relate, or concern Mr. Igor Olenicoff or Olen
Properties Corporation there is no privacy concern. To the extent they concern records
related to entities created by or with the assistance of UBS AG employees for the benefit
of my clients, these records too must be produced.

Please provide a written response that your client will either accept the terms of
the enclosed waiver and authorization for release of records, or otherwise comply with
our demand for production on or before March 16, 2011. If we do not receive an
appropriate response, we will proceed with a motion to compel.

Sincerely,

John Marshall
*Enclosure as noted*
Cc:   *William J. King, Esq. (via e-mail w/ enclosure)*
      *Julie A. Ault, Esq. (via e-mail w/ enclosure)*

# WAIVER

## TO WHOM IT MAY CONCERN:

The undersigned, Igor M. Olenicoff, Co-Plaintiff in *Igor Olenicoff, et al. v. UBS AG, et al.*, Case No. SACV 08-01029 AG (RNBx), currently pending in the United States District Court, Central District of California against UBS AG and other Co-Defendants herewith waives, on behalf of himself, his affiliates, (including but not limited to Olen Properties Corp.), representatives, and other entity and structure, and any other person or entity acting on his behalf or with his authority (the "waiving parties"), any and all rights which Swill secrecy rules may grant to the waiving parties. I declare and confirm irrevocably:

- that UBS, AG, may provide to the undersigned or his designee or Co-Defendants any and all information and documents they have in relation to their dealings with me or any other waiving party, including but not limited to, Olen Properties Corp., any of my representatives, affiliates, or other entities and structures;

- that UBS AG and/or any of its representatives (including but not limited to, its counsel, any of its current and past directors, officers and employees), each one separately or jointly, may provide my counsel, the Court in the above-referenced matter, Co-Defendants, or in connection with the defense of the above-referenced action, any and all information and documents they have in relation to me or any other waiving party, including but not limited to, Olen Properties Corp., any of my representatives, affiliates, or other entities and structures;

- that this waiver shall be interpreted and construed in the broadest sense and shall be given the broadest meaning possible;

- that the term "other entities and structures" in this waiver shall embrace and include any legal entity, partnership, trust, account or asset of which I was a beneficial owner, signatory, agent, beneficiary, settlor, transferor or recipient in any jurisdiction at any given time;

- that UBS AG (including its counsel and other representatives) each one separately or jointly may rely on this waiver and invoke it according to their own discretion;

Page 1 of 2

P-253

- that this waiver is governed and shall be construed
  according to Swiss law.


Place/Date  _____                      _____
                                                     Igor M. Olenicoff

EXHIBIT J

SEP-12-11    12:03PM    FROM-Horizon Group            +9492612515        T-145   P.027/043   F-481

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

March 15, 2011

***Via E-Mail Transmission***

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

      RE:    *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
             Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

    I write to meet and confer regarding your redaction of various portions of selected documents produced by UBS AG in response to Plaintiff's First Request for Production of Documents. By way of example, information contained in document "UBS-OLN-003537" is redacted. It would appear that throughout your production, the redacted information concerns account identifiers and/or the names of witnesses, both of which represent relevant non-privileged information.

    I believe all redactions throughout your production are inappropriate. I would like you to provide the unredacted versions of every page upon which a redaction was made as soon as possible. I propose Monday March 21, 2011 as a date by which I would require these unredacted documents. In order to expedite the process, if it is your intent not to provide the documents sought, please advise by March 17, 2011. We look forward to your response.

Sincerely,

John Marshall

Cc:    William J. King, Esq. *(via e-mail)*
      Julie A. Ault, Esq. *(via e-mail)*

P-255

SEP-12-11    12:03PM    FROM-Horizon Group                +9492612515        T-145   P.028/043   F-481

09-JUN-2003  15:12      DE-DOW COWE GENEVE            1800003128        T-832   P.061/084   F-827

UD40/970. 812 V.1

Reçu le
20 JUN 2003
Rép, le

June 17, 2003

Via Federal Express

UBS AG
Bradley Birkenfeld
Rue de la Corraterie 16
1204 Geneva
Switzerland

Dear Brad,

Per our earlier conversation, please accept this written authorization to
effectuate the following changes to the accounts currently held at your institute:

1. Transfer all existing DOCU instruments and any other remaining funds
out of the current account and consolidate them with the DOCU and funds
in the recently formed Trust account.

2. Once the entire transfer is complete, please close the original account.

Thank you for your assistance in this matter.

Regards,

Igor Olenicoff

Bradley C. Birkenfeld
Director



REGI
133594

EMPFANGEN 09-JUN-2003 15:53     VON +8F624     +CRYPT+     AM +BD SERVICES DINO     SEITE 001

CONFIDENTIAL                                                UBS OLN 003537

P-256

# EXHIBIT K

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

March 15, 2011

*Via E-Mail Transmission*

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

RE:    *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

I write to further meet and confer regarding UBS AG's responses and production to Plaintiff's First Request for Production of Documents. At the time of our initial meet and confer letter dated October 14, 2010 we had not yet received UBS AG's production. Thus, our discussion was limited to your objections. Having now reviewed the limited production it is time to move forward with a Rule 37 (See attached) meeting of counsel.

Therefore, the following demands remain at issue and will be the subject of our conference: 1-8, 14-19, 20-23, 25-28, 30-50, 51-53, 54-57, 58-60, 64, 69-70, 71-72, 73-75, 85-93, 94, 95-98, 99-104, 105-108, 109-115, 116-122, 124-125, 126-131, 134-135, 136-139, 155-160.

I would also require that you provide a privilege log as required under the Federal Rules of Civil Procedure (See FRCP 26). This I would require on or *before March 25, 2011.* I also propose we conduct the Rule 37 meeting of counsel either *March 22, 2011* or *March 23, 2011.* Please confirm either date as soon as possible.

Sincerely,

John Marshall

Cc:    *William J. King, Esq. (via e-mail)*
*Julie A. Ault, Esq. (via e-mail)*

P-257

Case 8:08-cv-01029-AG -RNB   Document 496-12   Filed 09/16/11   Page 14 of 21   Page ID
#:29743
Page 30 of 43
9492612515                        Mon Sep 12 12:04:31 2011

SEP-12-11   12:04PM   FROM-Horizon Group          +9492612515       T-145  P.030/043  F-481

## F.R.Civ.P. 37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions

*L.R.37-1 Pre-Filing Conference of Counsel.*[1] Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

*L.R. 37-2 Moving Papers* . If counsel are unable to settle their differences, they shall formulate a written stipulation. The stipulation shall be filed and served with the notice of motion.

*L.R. 37-2.1 Form of Joint Stipulation.* The stipulation must be set forth in one document signed by both counsel. The stipulation shall contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of each party. The stipulation shall not refer the Court to any other documents. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated. If the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit. Exhibits to the stipulation may include declarations prepared in conformity with L.R. 7-7. The specification of the issues in dispute, and the parties' contentions and points and authorities with respect to such issues, may be preceded by an introductory statement from each party, provided that no party's introductory statement shall exceed three (3) pages in length. When a party states its contentions with respect to a particular issue, such party shall also state how it proposed to resolve the dispute over that issue at the conference of counsel.

Although the stipulation should present the disputed issues as concisely as the subject matter permits, the page limitation established by L.R. 11-6 does not apply to stipulations regarding discovery disputes. Any stipulation exceeding ten (10) pages in length, excluding exhibits, shall be accompanied by an indexed table of contents setting forth the headings or subheadings contained in the body thereof, but need not be accompanied by a table of authorities.

Case 8:08-cv-01029-AG -RNB   Document 496-12   Filed 09/16/11   Page 15 of 21   Page ID
9492612515                           Mon Sep 12 #:9744 2011                    Page 31 of 43

SEP-12-11   12:04PM   FROM-Horizon Group                      +9492612515           T-145  P.031/043  F-481

The title page of the stipulation must state the discovery cutoff date, the pretrial conference date, and the trial date. In addition, a copy of the order establishing the initial case schedule, as well as any amendments, must be attached to the stipulation or to a declaration filed in support of the motion.

**L.R. 37-2.2 *Preparation of Joint Stipulation*.**[2] Following the conference of counsel, counsel for the moving party shall personally deliver, e-mail or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position. Unless the parties agree otherwise, within seven (7) days of receipt of the moving party's papers, counsel for the opposing party shall personally deliver, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position. After the opposing party's papers are added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party, no later than the end of the next business day, so that it can be filed with the notice of motion.

**L.R. 37-2.3 *Supplemental Memorandum*.** After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion.

**L.R. 37-2.4 *Failure to File Joint Stipulation*.** The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such declaration accompanies the motion, then L.R. 6-1, 7-9 and 7-10 apply.

**L.R. 37-3 *Hearing on Motion*.** The motion may be noticed to be heard on the particular judge's regular Motion Day which shall be not earlier than twenty-one (21) days after the filing of the motion. Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

**L.R. 37-4 *Cooperation of Counsel - Sanctions*.** The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.

---

[1](37-1          amended,          effective          1/1/10)
[2](37-2.2 amended, effective 4/1/08; amended, effective 1/1/10)

# EXHIBIT L

Case 8:08-cv-01029-AG -RNB   Document 496-12   Filed 09/16/11   Page 17 of 21   Page ID
    9492612515                    Mon Sep 12#19:74611 2011                    Page 34 of 43

SEP-12-11   12:06PM   FROM-Horizon Group              +9492612515        T-145  P.034/043  F-481

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

April 27, 2011

_Via E-Mail Transmission_

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
      Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

I write in response to your letter of March 18, 2011, which in turn was responsive to mine of October 14, 2010, March 10, 2011 and March 15, 2011 as pertains to UBS AG's responses to Plaintiff's First Set of Document Demands.

My letter of October 14, 2010 was 95 pages long and included in detail each of the document demands at issue, your response, and the reason(s) why further responses and production are warranted. Your statement that I have failed to "identify specific issues" with UBS AG's responses is in error. Furthermore your client has produced all documents it presently intends on producing and a motion to compel is needed in this regard. Finally you have declined my request to withdraw various improper objections and provide a supplemental response and a motion to compel is needed for that reason as well.

Therefore, please provide as many open dates within the next week to meet in my office to finalize the meet and confer process pursuant to Rule 37-1.

Sincerely,

John Marshall

*Enclosures as noted*
Cc:   *William J. King, Esq.*
      *Julie A. Ault, Esq.*

P-260

SEP-12-11   12:06PM   FROM-Horizon Group                    +9482612515           T-145   P.036/043   F-481

# JULIE A. AULT
### ATTORNEY AT LAW

SEVEN CORPORATE PLAZA
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 719-7212
FACSIMILE: (949) 719-7210

May 3, 2011

*__Via E-Mail Transmission__*

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

> RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
>       Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

   I write in response to your letter of May 2, 2011, which in turn was responsive to mine of October 14, 2010, March 10, 2011, March 15, 2011, and April 27, 2011. Your letter leaves open an important question regarding our Rule 37-1 meet and confer conference scheduled for May 4, 2011.

   You reiterate UBS AG's position that Plaintiffs have failed to comply with Rule 37-1 with reference that Plaintiffs have not identified the requests and issues to be addressed. However, as stated on a number of occasions, Plaintiffs provided a detailed letter October 14, 2010 that was 95 pages long and included in detail each of the document demands at issue, your response, and the reason(s) why further responses and production are warranted. I made mention of this fact in my recent April 27, 2011 letter. For some reason yours of May 2, 2011 fails to address the October 14, 2011 letter or how it might be deficient. Plaintiffs do not believe it is.

   If you feel that the October 14, 2010 letter fails in any respect to put your client on notice of the specific requests and issues, please advise today. Otherwise, we intend on proceeding with the conference May 4, 2011 as scheduled.

Sincerely,

John Marshall

Cc:   *William J. King, Esq. (via e-mail)*
      *Julie A. Ault, Esq. (via e-mail)*

9492612515                        Mon Sep 12  2011                    Page 37 of 43

SEP-12-11   12:07PM   FROM-Horizon Group                  +9492612515              T-145  P.037/043  F-481



HORIZON LAW GROUP LLP
wking@horizonlawgroup.com

May 11, 2011

*Via E-Mail Transmission*

Kristopher P. Diulio, Esq.
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412

RE:   *Igor Olenicoff and Olen Properties Corp. v. UBS AG, etc., et al.*
      Case No. SACV08-01029 AG (RNBx)

Dear Kristopher:

I write in response to your request at today's meet and confer conference regarding your client's objections with respect to their responses to plaintiffs' request for production. Specifically you advised today that while your clients made objections and stated they would stand by those and not produce documents, there are in fact some requests to which there are no responsive documents.

I asked that you supplement your responses to identify to of the requests there are documents but a non-production based on objections, as opposed to those where there are in fact no responsive documents. You in turn asked for authority in this regard. Where there is an inability to comply, your clients are required to identify whether the document(s) ever existed, have been lost or stolen, were destroyed, and provide the identity of the person or entity who is most likely to be in possession, custody, or control of any responsive documents. *See Searock v. Stripling* (11th Cir. 1984) 736 F2d 650; *Dunn v. Trans World Airlines, Inc.* (9th Cir. 1978) 589 F2d 408; and *Alexander v. Federal Bureau of Investigation* (D DC 2000) 194 FRD 305, 310) I also provide relevant citation to *The Rutter Group Practice Guide – Federal Civil Procedure Before Trial.*

Your clients have not responded accordingly. Please advise as soon as possible if your client will not provide supplemental responses on or before 20, 2011.

Very truly yours,

HORIZON LAW GROUP LLP

William J. King
*Enclosure as noted*
*cc: Julie A. Ault, Esq. (via e-mail w/ enclosure)*

17001 Cowan • Irvine, CA 92614 • tel: 949.261.2500 • fax: 949.261.2515

P-262

9492612515                    Mon Sep 12 12:07:11 2011                    Page 38 of 43

SEP-12-11   12:07PM   FROM-Horizon Group          +9492612515          T-145  P.038/043  F-481

# California Practice Guide

## FEDERAL CIVIL PROCEDURE BEFORE TRIAL

Chapters 8-11

**William W Schwarzer**
Senior United States District Judge
Northern District of California
Former Director, Federal Judicial Center

**A. Wallace Tashima**
Senior United States Circuit Judge
U.S. Court of Appeals, Ninth Circuit

**James M. Wagstaffe**
Kerr & Wagstaffe
San Francisco, California

### CONTRIBUTING EDITORS

Hon. Gerald E. Rosen
U.S. District Judge,
Eastern District of Michigan

Hon. Roslyn O. Silver
U.S. District Judge,
District of Arizona

Hon. Andrew J. Wistrich
U.S. Magistrate Judge, Central District of California

Atty. Steven J. Adamski
San Luis Obispo, California

Atty. Ivo Labar
San Francisco, California

## 2010

CONTINUING LEGAL EDUCATION  PROGRAMS AND PUBLICATIONS
**THE RUTTER GROUP**
A DIVISION OF WEST, A THOMSON REUTERS BUSINESS

Case 8:08-cv-01029-AG -RNB   Document 496-12   Filed 09/16/11   Page 21 of 21   Page ID
9492612515                        Mon Sep 12#19740029 2011                        Page 39 of 43

SEP-12-11   12:08PM   FROM-Horizon Group          +9492612515          T-145  P.039/043  F-481

**[11:1912.1 — 11:1914]**

⇨ **[11:1912.1]   PRACTICE POINTER:** Ambiguous responses are a common source of discovery disputes. E.g., agreeing to produce "responsive documents" creates an ambiguity as to whether some documents are being withheld on the basis of objections. Avoid the problem by either agreeing to produce "all documents requested in the demand" or specifying the particular documents and records that will be produced.

(2) **[11:1913]   Inability to comply:**   A response of inability to comply with the Rule 34 request may state the following:

• That a diligent search and reasonable inquiry has been made in an effort to locate the item requested; and

• The *reason* the party is unable to comply: e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. [See *Searook v. Stripling* (11th Cir. 1984) 736 F2d 650—sanctions inappropriate if party made good faith effort to locate; *Dunn v. Trans World Airlines, Inc.* (9th Cir. 1978) 589 F2d 408—dismissal inappropriate where records no longer in existence; *Alexander v. Federal Bureau of Investigation* (D DC 2000) 194 FRD 305, 310—Rule 34 only requires production of documents already in existence; no duty to create documents that do not exist]

(3) **[11:1914]   Objections:**   The responding party may object to any item or category requested, in whole or in part. To be effective, the objection must:

• *Identify* the specific document or evidence requested as to which the objection is made; and

• Set forth the *reason* for objection, including claims of privilege or work product protection. [FRCP 34(b)(2)(C); see *Eureka Financial Corp. v. Hartford Acc. & Indem. Co.* (ED CA 1991) 136 FRD 179, 185]

Where an objection applies to only a *portion* of the documents requested, the responding party must produce the remainder. [FRCP 34(b)(2)(C); see *Aikens v. Deluxe Fin'l Services, Inc.* (D KS 2003) 217 FRD 533, 539—"the responding party still has a duty to respond *to the extent the request is not objectionable*" (emphasis in original)]

*Compare—electronically-stored information:* If objection is made to the requested *form* or forms for producing

Rev. #1 2008