DEAN J. KITCHENS, SBN 82096, dkitchens@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Fax: 213.229.7520

KRISTOPHER P. DIULIO, SBN 229399, kdiulio@gibsondunn.com
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Fax: 949.451.4220

Attorneys for Defendant UBS AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF et al.,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG et al.,<br><br>Defendant. | CASE NO.: SACV08-01029 AG (RNBx)<br><br>**UBS AG'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION TO CONTINUE TRIAL AND AMEND THE SCHEDULING ORDER, AND FOR AN ORDER STAYING DISCOVERY**<br><br>Place: Courtroom 10D<br>Honorable Andrew J. Guilford |

Gibson, Dunn & Crutcher LLP

## I. INTRODUCTION

Plaintiffs seek expedited review of their Motion to Continue Trial, while simultaneously asking the Court to prevent UBS AG from taking depositions while the Motion to Continue is pending. This *ex parte* application is unnecessary. In their Motion, Plaintiffs say they want a trial continuance so new counsel can come into the case and get up to speed—new counsel they have been meeting with "substantively" since August 31 and new counsel which already has reviewed and opined that the "massive" production of UBS AG documents is indicative of fraud. These statements are at direct odds with the theme of the Motion, which is that UBS AG and the other defendants have not produced substantial documents and that new counsel cannot get up to speed without a four to six month delay of the trial from February of 2012. Not only is there no urgency to this request, Plaintiffs could have sought this relief months ago if they really felt it was necessary.

While UBS AG strongly believes there is no reason to continue the trial, it will not object to an accelerated hearing date if the Court elects to proceed on that basis. Because lead counsel for UBS AG is not available on October 3, the date proposed by Plaintiffs, UBS AG requests that the hearing either be set for September 26 (a date counsel will be before the Court on the SES Motion for Summary Judgment) or heard on the normal schedule (October 17).

UBS AG strenuously objects to Plaintiffs' second request on this *ex parte* application that discovery be stayed. It is fundamentally antithetical to the purported basis Plaintiffs offer to continue the trial—that they need more time to conduct discovery. Notably, Plaintiffs do not request a complete stay, as Plaintiffs exclude from their request Plaintiffs' efforts to obtain additional documents (that are unrelated to Plaintiffs) from UBS AG. Instead, Plaintiffs' discovery stay is limited to a request that the Court prevent UBS AG from taking depositions—depositions which UBS AG and its co-defendants have been cooperatively attempting to schedule since June 2011 and which finally have been scheduled (and, in the case of Plaintiff Olenicoff, have

1  been set by Court Order). If the Court denies the Motion to Continue Trial (as all
2  Defendants urge the Court to do), the proposed one-sided stay would prejudice
3  UBS AG and its co-defendants, requiring them to scramble at the end of the allotted
4  discovery period to complete all depositions in a short time frame.  Plaintiffs filed this
5  lawsuit against UBS AG three years ago.  UBS AG is ready to move forward with
6  previously-noticed depositions and any remaining discovery issues in order to comply
7  with this Court's scheduling order and to prepare for trial.

## II. PLAINTIFFS' REQUEST FOR AN ORDER SHORTENING TIME FOR HEARING THEIR MOTION TO CONTINUE TRIAL

10  Plaintiffs seek an Order shortening the time for the hearing date for their Motion
11 to Continue Trial, which, under the local rules, can occur no earlier than October 17,
12 2011.  UBS AG is available and prepared for a hearing on October 17, 2011, as it is
13 currently noticed. UBS AG does not object to an earlier hearing date, however, lead
14 counsel for UBS AG, Dean J. Kitchens, is not available on October 3, a date chosen by
15 Plaintiffs without consulting UBS AG.  If the Court finds it convenient and agreeable
16 to set an earlier hearing date, UBS AG suggests that the Court set the hearing for
17 September 26, 2011, the same date as the hearing on Defendant SES's Motion for
18 Summary Judgment.  This date does not present a scheduling conflict, as that matter is
19 already on calendar for a September 26 hearing.  If the Court is amenable to hearing
20 Plaintiffs' Motion to Continue on September 26, UBS AG suggests that oppositions to
21 Plaintiffs' Motion to Continue Trial be filed by Wednesday September 20.  If the Court
22 believes that a reply brief is necessary, Plaintiffs could file it by September 21.  It is
23 UBS AG's understanding that all Defendants object to a trial continuance.  In light of
24 the fact that all parties share an interest in the matters presented by Plaintiffs' Motion
25 to Continue Trial, UBS AG therefore respectfully asks that this Court hold the
26 hearing—if at all—on the noticed date of October 17, or on September 26, when
27 counsel for all parties are available.
28

### III.  PLAINTIFFS' REQUEST TO STAY OF DISCOVERY

Plaintiffs also request a stay of discovery pending a ruling on their Motion to Continue Trial.  Their reasoning is suspect.  On the one hand, Plaintiffs claim that they need more time to complete discovery because UBS AG has not produced relevant documents (which is not true).[1]  On the other hand, Plaintiffs argue that discovery should be stayed.  Plaintiffs' argument is circular and self-serving: they need more time to complete discovery, so they request a continuance of the trial date; they need a continuance of the trial date, in part, because they are requesting a stay of discovery.

Tellingly, Plaintiffs seek to exclude from the "stay" their efforts to obtain additional documents from UBS AG.  Plaintiffs ask that this Court stay all discovery *except* for pending discovery conferences, of which there is only one—the October 4 discovery conference ordered by Magistrate Judge Block following Plaintiffs' Motion to Compel additional documents from UBS AG.  Therefore, the "stay" is more properly a request that the Court prevent UBS AG from taking depositions that UBS AG is prepared to take and has been requesting since the beginning of summer.  Such a proposal is fundamentally unfair.  UBS AG has diligently sought discovery from Plaintiffs throughout the pendency of this litigation, and there are several depositions that have been exceedingly hard to schedule, including the long-sought deposition of Plaintiff Olenicoff, which UBS AG has been trying to schedule since June 23, 2011 and is currently set pursuant to Court Order (Magistrate Judge Block) for October 5 and 7.  There is no justification to further delay this deposition.

Notably, this latest attempt to again delay depositions noticed by UBS AG comes after UBS AG deposed, on August 29 and 30, two senior Olen employees— Natalia Olenicoff and Jeanette Bullington.  During these depositions, both of the witnesses refused to answer questions regarding Plaintiffs' tax avoidance scheme—

---

[1] Plaintiffs misstate the discovery record in this case and needlessly and inaccurately mischaracterize UBS AG's actions and motives.  Although UBS AG disputes many of the statements in Plaintiffs' *ex parte* application, UBS AG will address these issues and set the record straight in its Opposition to Plaintiffs' Motion to Continue Trial.

1  which predated Plaintiffs' UBS AG accounts by many years—by invoking their Fifth
2  Amendment right against self-incrimination.  It was only after these depositions that
3  Plaintiffs again delayed Mr. Olenicoff's deposition and refused to produce another
4  Olen employee.   Simply put, Plaintiffs intent to bring in new counsel (whose first
5  "substantive" meeting with Plaintiffs occurred one day after the Bullington and Natalia
6  Olenicoff depositions) is not a basis to thwart UBS AG's discovery.
7        The discovery cut-off is November 7, and it is necessary to proceed now to
8  complete the discovery process.  Plaintiffs brought this lawsuit against UBS AG three
9  years ago and UBS AG has already expended a great amount of time and expense in
10 defending against what it believes to be completely meritless claims.  There is no
11 justification to stop UBS AG's discovery because the Court *might* rule in Plaintiffs
12 favor (over the uniform objection of defendants) and continue the trial.  Plaintiffs
13 argue that they need documents to prepare for meaningful depositions.  There are only
14 four depositions scheduled before October 17, and these depositions were noticed by
15 UBS AG, not Plaintiffs.  It is fine if Plaintiffs want to wait to take depositions, but the
16 Defendants want to proceed now as agreed, scheduled and ordered.  UBS AG should
17 be permitted to go forward with these depositions, particularly in light of the trouble
18 UBS AG has had in getting Plaintiffs to cooperate in setting deposition dates.  Even
19 assuming that Plaintiffs need more documents to take depositions of Defendants
20 (which we dispute) and even assuming that Magistrate Judge Block rules in Plaintiffs'
21 favor on their Motion to Compel, UBS AG should still be permitted to take its own
22 depositions.  The discovery cut-off is set for November 7, and it is rapidly
23 approaching.  Moreover, expert reports are due October 10 and UBS AG must depose
24 Plaintiffs' witnesses beforehand.  In addition, UBS AG will file a summary judgment
25 motion and needs to take Olenicoff's deposition before filing that motion.  UBS AG
26 will suffer prejudice if it is forced to wait and attempt to conduct all remaining
27 depositions and any additional discovery in the short period of time left after the stay is
28 lifted.

Gibson, Dunn & Crutcher LLP

4

Plaintiffs request for a stay also suggests that all discovery dates be continued for 35 days. First, any further changes to discovery deadlines are not pressing issues that should be decided on an expedited basis in an *ex parte* application. Again, Plaintiffs have not consulted with any of the other parties regarding their proposed deadlines and deposition dates. If it is necessary to change existing dates (which, again, Defendants dispute), it would be fair and sensible to permit the parties to mutually agree upon dates. UBS AG therefore respectfully requests that this Court not entertain Plaintiffs suggestion that all dates be arbitrarily deferred for 35 days—a proposal that would create chaos in the calendars of a dozen lawyers on the defense side who have been planning their activities based on long-standing court-ordered dates and prior agreement of counsel.

## IV. CONCLUSION

UBS AG respectfully requests that this Court set a hearing on Plaintiffs' Motion to Continue Trial according to the timelines set out in the local rules; alternatively, UBS AG suggests a hearing date of September 26, 2011. UBS AG respectfully requests that this Court deny Plaintiffs' request for a stay of discovery, as no good cause exists and UBS AG will be prejudiced by further delay.

Dated: September 19, 2011

DEAN J. KITCHENS
KRISTOPHER P. DIULIO
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Kristopher P. Diulio
    Dean J. Kitchens
    Kristopher P. Diulio

Attorneys for Defendant UBS AG

101152909.1

Gibson, Dunn & Crutcher LLP

5

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2011, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| David M. McDonald | dmcd@mmlawmiami.com |
| John W. McLuskey | jmcl@mmlawmiami.com |
| Julie Ann Ault | jault@olenproperties.com |
| Michael G. Yoder | myoder@omm.com |
| Molly J. Magnuson | mmagnuson@omm.com |
| William J. King | wking@horizonlawgroup.com |
| Daniel K. Hedges | dhedges@porterhedges.com |
| Douglas J. Rovens | drovens@rovenslamb.com |
| John D. Cline | cline@johndclinelaw.com |
| Richard J. Grad | rgrad@sidley.com |
| Justin H. Sanders | Justin@sandersfirmla.com |
| Marisa D. Poulos | mpoulos@olenproperties.com |
| Laura G. Brys | laura@bslaw.net |
| Mark A. Romeo | mromeo@crowell.com |

                                                          /s/ Kristopher P. Diulio

I further certify that copies of the foregoing were sent on September 19, 2011, via U.S. Mail to the following parties:

Bradley Birkenfeld
#26901-038
FCI Schuylkill
Federal Correctional Institution
P.O. Box 670, Camp 2
Minersville, PA 17954-0670

Christina K. Dallen
Crowell and Moring LLP
Three Park Plaza 20th Floor
Irvine, CA  92614

K.C. Maxwell
Law Office of K.C. Maxwell
115 Sansome Street, Suite 1204
San Francisco, CA  94104

                                                          /s/  Dena Kennedy

                                                          Dena Kennedy

100913763_1.DOC