MICHAEL G. YODER (S.B. #83059)
MOLLY J. MAGNUSON (S.B. #229444)
JEAN-PAUL P. CART (S.B. #267516)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994
Email: myoder@omm.com
mmagnuson@omm.com
jcart@omm.com

DANIEL K. HEDGES (admitted *pro hac vice*)
PORTER & HEDGES LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002
Telephone: (713) 226-6641
Facsimile: (713) 226-6241

Attorneys for Defendants
SYNTHESIS ENERGY SYSTEMS, INC.,
MICHAEL STOREY, TIMOTHY VAIL and
DAVID EICHINGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF, an individual; OLEN PROPERTIES CORP., a Florida corporation, <br><br> Plaintiffs, <br><br> v. <br><br> UBS AG, a foreign Swiss corporation; BRADLEY BIRKENFELD, an individual; MICHEL GUIGNARD, an individual; MARTIN LIECHTI, an individual; RAOUL WEIL, an individual; CHRISTIAN BOVAY, an individual; GILBERT BENZ, an individual; ROGER HARTMANN, an individual; JACQUES BEUCHAT, an individual; PETER KURER, an individual; RENE MARTY, an individual; NEUE BANK, AG, a foreign business entity, form | Case No. SACV08-01029 AG (RNBx) <br><br> **THE SES DEFENDANTS' JOINDER IN UBS AG'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR (1) AN ORDER RESETTING THE HEARING DATE ON PLAINTIFFS' PENDING MOTION TO CONTINUE TRIAL, AND, (2) AN ORDER STAYING ALL DISCOVERY PENDING RULING ON THE MOTION TO CONTINUE TRIAL** <br><br> Courtroom: 10D <br> Judge: Hon. Andrew J. Guilford <br><br> Complaint Filed: September 16, 2008 <br> Trial Date: February 7, 2012 |

| | |
|---|---|
| 1 | unknown, GEORG VOGT, an individual; HERMANN WILLE, |
| 2 | an individual; PAUL BUCHEL, an individual; JOST PILGRIM, , |
| 3 | an individual; WILLI WOLFINGER, an individual; DR. STEPHAN |
| 4 | LATERNSER, an individual; ARNOLD WILLE, an individual; |
| 5 | NEW HAVEN TRUST COMPANY LIMITED, a foreign business entity, |
| 6 | form unknown; MARIO STAGGL, an individual; DR. JUR. KLAUS |
| 7 | BIEDERMANN, an individual; SCOTT MACAW, an individual; |
| 8 | NEIL SMITH, an individual; UNION CHARTER, LTD., a foreign |
| 9 | business entity, form unknown; DAVID A. SCHWEDEL, an |
| 10 | individual; SYNTHESIS ENERGY SYSTEMS, INC., a Florida |
| 11 | corporation; MICHAEL STOREY, an individual; TIMOTHY VAIL, |
| 12 | an individual; DAVID EICHINGER, an individual; JAMES |
| 13 | ALEXANDER MICHIE, an individual; GM CAPITAL |
| 14 | PARTNERS, LTD., a foreign Canadian business entity; ROBERT |
| 15 | KNIGHT, an individual; KNIGHT FINANCIAL, LTD., a foreign |
| 16 | Canadian business entity; MARC ANGST, an individual; GESTRUST |
| 17 | SA, a foreign Swiss business entity; MARTIN HOCHSCHORNER, |
| 18 | an individual; JASON SUNDAR, an individual; HERB LUSTIG, |
| 19 | an individual; and DOES 1 through 10, inclusive, |
| 20 | Defendants. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants Synthesis Energy Systems, Inc. ("SES"), Timothy Vail, David Eichinger and Michael Storey (collectively, the "SES Defendants") hereby join in the Opposition filed by defendant UBS AG on September 19, 2011 (the "Opposition") to Plaintiffs' Ex Parte Application for (1) an Order Resetting the Hearing Date on Plaintiffs' Pending Motion to Continue

Trial, and (2) an Order Staying All Discovery Pending Ruling On the Motion to Continue Trial (the "Ex Parte Application"). In addition, the SES Defendants respectfully request that, in ruling on the Ex Parte Application, the Court consider the following:

To the extent Plaintiffs are suggesting in their Ex Parte Application that the SES Defendants motion for summary judgment—set for hearing before this Court on September 26—was filed improperly or that Plaintiffs were somehow prevented from obtaining discovery purportedly needed to oppose the motion (*see, e.g.,* Ex Parte App. at 5), this is simply not the case, and the SES Defendants want to ensure the Court has an accurate understanding of the record. In short:

- SES undertook an extensive electronic search of its computer systems and produced nearly 1,600 pages documents to Plaintiffs in January and June of this year (Declaration of Molly J. Magnuson ("Magnuson Decl.") ¶ 2);
- Plaintiffs made no effort to meet and confer with respect to documents purportedly not produced by SES until August 26, 2011; SES responded three days later, and never heard anything further in response (*id.* ¶¶ 2, 12);[1]
- The SES Defendants filed their motion on August 15, providing Plaintiffs with the required notice of the September 12 hearing, but nonetheless agreed to continue the hearing two weeks, as requested by Plaintiffs, so that Plaintiffs could take certain depositions they stated were necessary to oppose the motion (*id.* ¶¶ 5-8);
- The SES Defendants literally bent over backward to make Vail, Eichinger and Storey available for deposition in London and Houston on approximately one weeks' notice (*id.* ¶ 11);

---

[1] SES did produce a limited additional 64 pages of documents on August 31. This production was not made at the prompting of any ongoing meet and confer efforts but, rather, the documents simply had not previously been identified. (Magnuson Decl. ¶ 13.)

- Although Plaintiffs suggested they also wanted to take the deposition of a 30(b)(6) representative of SES, no deposition was ever noticed by Plaintiffs (*id.* ¶ 9);
- Plaintiffs noticed only one other deposition (of a third party) in connection with their opposition to the motion for summary judgment but later withdrew the notice, stating they would take the deposition at a later time (*id.* ¶ 10);
- During Storey's deposition, the witness mentioned approximately three documents he might have in his possession and it was agreed he would search for and, if located, produce those documents following that deposition; two days later—four days before Plaintiffs' opposition was due—a mere 20 pages of documents were produced (*id.* ¶ 14).

Contrary to the impression portrayed in the Ex Parte Application, (i) Plaintiffs have had sufficient time and opportunity to conduct discovery in support of their case generally, as well as in support of their opposition to the pending summary judgment motion; (ii) there is no outstanding written discovery to which the SES Defendants are required to respond, (iii) there are no outstanding notices of deposition of any SES-affiliated witnesses, and (iv) there are no ongoing meet and confer efforts regarding discovery disputes with respect to SES.

Given the status of proceedings, a stay of discovery based on the substitution of counsel is unwarranted and would only serve to provide Plaintiffs with an unfair opportunity to conjure up and move forward with additional discovery purportedly "needed" from the SES Defendants and others that should have been pursued, if ever, long ago.

DATED: September 21, 2011

MICHAEL G. YODER
MOLLY J. MAGNUSON
JEAN-PAUL P. CART
O'MELVENY & MYERS LLP

By: /s/Molly J. Magnuson
Molly J. Magnuson
Attorneys for SYNTHESIS ENERGY SYSTEMS, INC., MICHAEL STOREY, TIMOTHY VAIL and DAVID EICHINGER

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2011, the foregoing document was electronically transmitted to the United States Court Clerk's Office using the CM/ECF System for filing and transmittal.

       /s/Molly J. Magnuson
       Molly J. Magnuson

OMM_US:70013767.1

Case No. SACV08-01029 AG (RNBx)