MICHAEL G. YODER (S.B. #83059)
MOLLY J. MAGNUSON (S.B. #229444)
JEAN-PAUL P. CART (S.B. #267516)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994
Email:  myoder@omm.com
        mmagnuson@omm.com
        jcart@omm.com

DANIEL K. HEDGES (admitted *pro hac vice*)
PORTER & HEDGES LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002
Telephone: (713) 226-6641
Facsimile: (713) 226-6241

Attorneys for Defendants
SYNTHESIS ENERGY SYSTEMS, INC.,
MICHAEL STOREY, TIMOTHY VAIL and
DAVID EICHINGER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| IGOR OLENICOFF, an individual; OLEN PROPERTIES CORP., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UBS AG, a foreign Swiss corporation; BRADLEY BIRKENFELD, an individual; MICHEL GUIGNARD, an individual; MARTIN LIECHTI, an individual; RAOUL WEIL, an individual; CHRISTIAN BOVAY, an individual; GILBERT BENZ, an individual; ROGER HARTMANN, an individual; JACQUES BEUCHAT, an individual; PETER KURER, an individual; RENE MARTY, an individual; NEUE BANK, AG, a foreign business entity, form | Case No. SACV08-01029 AG (RNBx)<br><br>**DECLARATION OF MOLLY J. MAGNUSON IN SUPPORT OF THE SES DEFENDANTS' JOINDER IN UBS AG'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR (1) AN ORDER RESETTING THE HEARING DATE ON PLAINTIFFS' PENDING MOTION TO CONTINUE TRIAL, AND (2) AN ORDER STAYING ALL DISCOVERY PENDING RULING ON THE MOTION TO CONTINUE TRIAL**<br><br>Courtroom: 10D<br>Judge: Hon. Andrew J. Guilford<br><br>Complaint filed: September 16, 2008<br>Trial Date: February 7, 2012 |

| | |
|---|---|
| 1 | unknown, GEORG VOGT, an individual; HERMANN WILLE, |
| 2 | an individual; PAUL BUCHEL, an individual; JOST PILGRIM, , |
| 3 | an individual; WILLI WOLFINGER, an individual; DR. STEPHAN |
| 4 | LATERNSER, an individual; ARNOLD WILLE, an individual; |
| 5 | NEW HAVEN TRUST COMPANY LIMITED, a foreign business entity, |
| 6 | form unknown; MARIO STAGGL, an individual; DR. JUR. KLAUS |
| 7 | BIEDERMANN, an individual; SCOTT MACAW, an individual; |
| 8 | NEIL SMITH, an individual; UNION CHARTER, LTD., a foreign |
| 9 | business entity, form unknown; DAVID A. SCHWEDEL, an |
| 10 | individual; SYNTHESIS ENERGY SYSTEMS, INC., a Florida |
| 11 | corporation; MICHAEL STOREY, an individual; TIMOTHY VAIL, |
| 12 | an individual; DAVID EICHINGER, an individual; JAMES |
| 13 | ALEXANDER MICHIE, an individual; GM CAPITAL |
| 14 | PARTNERS, LTD., a foreign Canadian business entity; ROBERT |
| 15 | KNIGHT, an individual; KNIGHT FINANCIAL, LTD., a foreign |
| 16 | Canadian business entity; MARC ANGST, an individual; GESTRUST |
| 17 | SA, a foreign Swiss business entity; MARTIN HOCHSCHORNER, |
| 18 | an individual; JASON SUNDAR, an individual; HERB LUSTIG, |
| 19 | an individual; and DOES 1 through 10, inclusive, |
| 20 |   Defendants. |
| 21 | |
| 22 | |
| 23 | I, Molly J. Magnuson, declare and state as follows: |
| 24 | 1. I am an attorney at law duly licensed to practice law before all of the |
| 25 | courts of the State of California and before this Court. I am one of the attorneys |
| 26 | primarily responsible for representing Defendants Synthesis Energy Systems, Inc. |
| 27 | ("SES"), Timothy Vail, David Eichinger and Michael Storey (collectively, the |
| 28 | |

"SES Defendants") in this action. I have personal knowledge of the facts set forth herein and if called to do so could and would testify competently thereto.

2. In response to document requests propounded by Plaintiffs, SES undertook an extensive electronic search of its computer systems. On January 4, 2011 SES produced 554 pages of documents to Plaintiffs. On June 30, 2011, SES produced another 1,028 pages of documents to Plaintiffs. Plaintiffs made no effort to meet and confer with respect to documents purportedly not produced by SES until August 26, 2011 (*see infra* ¶ 12).

3. On August 4, 2011, I called Marisa Poulos, counsel of record for Plaintiffs, to notify Plaintiffs that the SES Defendants intended to file their motion for summary judgment (the "Motion"). At this time, I explained not only that the Motion would be filed on August 15, but also briefly summarized the grounds on which the Motion would be based. Notably, at that time, Plaintiffs had not yet taken a single deposition in this case.

4. During my August 4 call with Ms. Poulos, she did not express any need or desire to conduct depositions of the SES Defendants, David Schwedel, Bradley Birkenfeld, or any other person. Nor did she request any additional time for Plaintiffs to oppose the Motion.

5. On August 15, my office filed the Motion and supporting papers, providing Plaintiffs with the required notice of the September 12 hearing date. As of that date, Plaintiffs still had not made any effort to schedule depositions of any of the SES Defendants, Schwedel, Birkenfeld, or any other witness that might conceivably have relevant information regarding the Motion

6. It was not until August 16 that Plaintiffs first indicated a desire to take depositions purportedly needed to oppose summary judgment.

7. Thereafter, on August 18, I spoke by telephone with William King, counsel of record for Plaintiffs, who advised me that Plaintiffs desired an additional 14 days to oppose the Motion and conduct discovery.

8. The following day, on August 19, I advised Plaintiffs' counsel that the SES Defendants were amenable to stipulating to a schedule that would provide Plaintiffs with an additional 15 days, giving them a total of 21 days to file their opposition to the Motion, as specifically requested by Plaintiffs. Moreover, I provided Plaintiffs with a draft stipulation and agreed to file it with the Court upon Plaintiffs' approval.

9. On August 19, Mr. King raised the issue of scheduling a 30(b)(6) deposition of a representative of SES. I responded that SES could not provide potential dates for a 30(b)(6) deponent until Plaintiffs noticed the topics upon which the deponent should be prepared to testify. I explained to Mr. King that absent a deposition notice with specified topics, SES could not even begin to determine who an appropriate witness would be. I similarly stated this in an email to Ms. Poulos that same day. Since that day, Plaintiffs have not served a 30(b)(6) deposition notice on SES.

10. On August 24, Plaintiffs noticed the deposition of third party, Mark Blynder. Plaintiffs subsequently withdrew the notice.

11. Storey, Vail and Eichinger were made available for their respective depositions on approximately one weeks' notice. Vail and Eichinger's depositions took place in Houston on August 25; Storey's deposition took place in London on August 31.

12. On August 26, I received an email from Mr. King requesting that we set a time to meet and confer with respect to purported deficiencies in SES's document production. To my knowledge, this is the first time Plaintiffs attempted to meet and confer on the subject of SES's document production. I responded by email on August 29, providing information regarding the comprehensive electronic search conducted of SES's computer systems, but noting that the SES Defendants nonetheless remained "open to further discussions on the SES Defendants' production, particularly if you feel there are specific documents that were not

produced that should have been," and agreed to make myself available for a conference by phone the following day. I never received a response to this email or any other follow-up on this issue.

13. On August 31, SES produced to Plaintiffs an additional 64 pages of documents. This production was not made at the prompting of any ongoing meet and confer efforts but, rather, the documents had not previously been identified by the witness, David Eichinger.

14. During Michael Storey's deposition on August 31, Storey mentioned approximately three documents he might have in his possession and it was agreed he would search for and, if located, produce those documents following that deposition. Two days later—four days before Plaintiffs' opposition was due—a mere 20 pages of documents were produced.

15. Plaintiffs did not notice the deposition of Schwedel until August 31. Plaintiffs scheduled Schwedel's deposition to take place on September 30, after the due date for Plaintiffs' opposition to the Motion, and even after the scheduled date for the hearing on the Motion.

16. Plaintiffs did not notice the deposition of a 30(b)(6) representative of Union Charter Financial, Ltd. until August 31, 2011. Plaintiffs scheduled the deposition for October 6, 2011, after the due date for Plaintiffs' opposition to the Motion, and even after the scheduled date for the hearing on the Motion. *See* Exhibit 5.

17. Furthermore, since the filing of the Motion, Plaintiffs have not noticed the deposition of Birkenfeld.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of September, 2011, at Newport Beach, California.

/s/ Molly J. Magnuson

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2011, the foregoing document was electronically transmitted to the United States Court Clerk's Office using the CM/ECF System for filing and transmittal.

          /s/Molly J. Magnuson
          Molly J. Magnuson